1    Robert A. Bailey (#214688)
       rbailey@afrct.com
2    E. Christine Hehir (#201969)
       chehir@afrct.com
3    ANGLIN, FLEWELLING, RASMUSSEN,
       CAMPBELL & TRYTTEN LLP
4    199 South Los Robles Avenue, Suite 600
     Pasadena, California 91101-2459
5    Telephone: (626) 535-1900
     Facsimile:  (626) 577-7764
6
7    Attorneys for Defendant WELLS FARGO
     BANK, N.A., successor by merger with
     Wells Fargo Bank Southwest, N.A. formerly
8    known as WACHOVIA MORTGAGE, FSB
     formerly known as WORLD SAVINGS
9    BANK, FSB ("Wells Fargo")

10                    UNITED STATES DISTRICT COURT

11        NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

12

13   ALINE LOTHLEN                    CASE NO.:  3:13-CV-00922-SI

14            Plaintiff,              [*The Honorable Susan Illston*]

15        vs.                         DEFENDANT WELLS FARGO'S NOTICE
                                      OF MOTION AND MOTION TO DISMISS
16   WELLS FARGO BANK, NA; WACHOVIA   PLAINTIFF'S COMPLAINT
     MORTGAGE FSB; WORLD SAVINGS
17   BANK FSB; CAL-WESTERN
     RECONVEYANCE and DOES 1-20,
18   inclusive,                       **Hearing**
                                      Date:        **December 13, 2013**
19            Defendants.             Time:        **9:00 a.m.**
                                      Ctrm:        **10, 19th Floor**
20

21

22   **TO PLAINTIFF AND HER COUNSEL OF RECORD HEREIN:**

23        **PLEASE TAKE NOTICE that** on **December 13, 2013**, at **9:00 a.m.** in **Courtroom 10**

24   of the above-entitled Court located at 450 Golden Gate Avenue, 19th Floor, San Francisco,

25   California, 94102, defendant WELLS FARGO BANK, N.A., successor by merger with Wells

26   Fargo Bank Southwest, N.A. formerly known as WACHOVIA MORTGAGE, FSB formerly

27   known as WORLD SAVINGS BANK, FSB ("Wells Fargo") will move to dismiss each of the

28   claims in the Complaint of Plaintiff Aline Lothlen ("Plaintiff ").

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Grounds for the motion to dismiss, brought pursuant to FRCP 12(b)(6) and 9(b), are that

2  the claims fail to state facts sufficient to state a claim, fail due to lack of tender, are barred by res

3  judicata and the applicable statute of limitations and are federally preempted.

4    The motion is based on this notice, the memorandum of points and authorities, the

5  complaint, the request for judicial notice, the court file, the pleadings, and on defendant's

6  argument at the hearing on the motion, if any.

7                                    Respectfully submitted,

8  Dated:  November 1, 2013          ANGLIN, FLEWELLING, RASMUSSEN,
                                      CAMPBELL & TRYTTEN LLP
9

10                                   By:   /s/ E. Christine Hehir
                                        E.Christine Hehir
11                                      chehir@afrct.com
                                     Attorneys for Defendant WELLS FARGO BANK,
12                                   N.A., successor by merger with Wells Fargo Bank
                                     Southwest, N.A. formerly known as WACHOVIA
13                                   MORTGAGE, FSB formerly known as WORLD
                                     SAVINGS BANK, FSB ("Wells Fargo")
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

1.   INTRODUCTION ...............................................................................................................1

2.   SUMMARY OF THE CASE AND JUDICIALLY NOTICEABLE
     DOCUMENTS.....................................................................................................................1

3.   A NUMBER OF PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED.................3

     A.   As A Federally Chartered Savings Bank, World Savings Operated Under
          HOLA .....................................................................................................................3

     B.   Regulations Promulgated By The OTS Preempt Any State Law That
          Affects The Operation Of A Federal Savings Association ....................................3

     C.   State Laws Preempted by HOLA ............................................................................4

     D.   The Application of HOLA Preempts Each State Law Claim. ................................4

          i.    Claims Concerning Securitization and Note Ownership of the
                Loans...........................................................................................................5

          ii.   Plaintiff's Loan Origination Claims...........................................................7

          iii.  Claims Concerning Civil Code § 2923.5 ....................................................7

          iv.   Allegations Concerning Wells Fargo's Failure To Modify The
                Loan.............................................................................................................8

          v.    Claims Based On Assessment And Collection Of Improper Fees..............9

4.   A MAJORITY OF PLAINTIFF'S CLAIMS ARE PREMISED ON
     ALLEGATIONS WHICH ARE FACTUALLY INCORRECT AND FAIL AS A
     MATTER OF LAW .............................................................................................................9

     A.   Wells Fargo Is The Beneficiary With The Legal Right To Initiate And
          Conduct Foreclosure Proceedings........................................................................10

     B.   Claims Based On Ownership And Securitization Have Been Rejected in
          California. .............................................................................................................12

     C.   Contrary To Plaintiff's Allegations, No Assignment of the Deed of Trust
          Was Necessary ......................................................................................................13

5.   PLAINTIFF'S INDIVIDUAL CLAIMS ARE ALSO SUBSTANTIVELY
     FLAWED...........................................................................................................................14

     A.   The Wrongful Foreclosure Claim Suffers From A Number of Defects ................14

     B.   Plaintiff's Fraud Claim Lacks Specificity, Is Not Premised On A
          Misrepresentation Of A Past Or Existing Material Fact And Is Time-
          Barred....................................................................................................................14

          i.    The Claim Lacks Specificity.....................................................................14

          ii.   Plaintiff Fails To Allege Any False Representation ..................................15

          iii.  Plaintiff Fails To Plead Justifiable Reliance.............................................16

          iv.   The Fraud Claim Is Time-Barred Where It Is Based on Origination
                Allegations ................................................................................................17

v.      As A Member Of A Nationwide Class Action, Plaintiff's Claims Concerning The Pick-A-Payment Loan Have Been Fully Resolved And May Not Be Raised Again Here .........................................................17

C.      There Is No Basis For Declaratory Relief..............................................................19

D.      Plaintiff's Claim For Quiet Title Is Additionally Flawed.....................................20

E.      Plaintiff Cannot Prevail On Her Claim For Unjust Enrichment (5th) ...................21

F.      The Claim For Accounting Is Without Legal Merit ...............................................22

G.      Plaintiff Fails To Plead A Claim For Unfair Competition.....................................22

6.      CONCLUSION....................................................................................................................23

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ii

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**FEDERAL CASES**

*Aguirre v. Cal-Western Reconvey. Corp.,*
   2012 U.S. Dist. LEXIS 12060 (C.D. Cal. Jan. 30, 2012) ........................................12

*Ahmed v. Wells Fargo Bank & Co.,*
   2011 U.S. Dist. LEXIS 49526 (N.D. Cal. May 9, 2011) ...................................5, 6, 8

*American Banker Association v. Lockyear,*
   239 F. Supp. 2d 1000 (E.D. Cal. 2002)................................................................3

*Appling v. Wachovia Mortg., FSB,*
   745 F. Supp. 2d 961 (N.D. Cal. 2010) .................................................................7

*Bank of America v. The City & County of San Francisco,*
   309 F.3d 551 (9th Cir. 2002) ..........................................................................3, 4

*Biggins v. Wells Fargo & Co.,*
   266 F.R.D. 399 (N.D. Cal. July 27, 2009 ..............................................................9

*Cabanilla v. Wells Fargo,*
   2012 U.S. Dist. LEXIS 39270 (C.D. Cal. Mar. 20, 2012) ........................................16

*Castillo v. Wachovia Mortg.,*
   2012 U.S. Dist. LEXIS 50926 (N.D. Cal. Apr. 11, 2012) ......................................6, 7

*Cell Therapeutics, Inc. v. Lash Group, Inc.,*
   586 F.3d 1204 (2010)......................................................................................19

*DeLeon v. Wells Fargo Bank, N.A.,*
   729 F. Supp. 2d 1119 (N.D. Cal. Jun. 9, 2010)..............................................4, 6, 13

*Distor v. US Bank, NA,*
   2009 U.S. Dist. LEXIS 98361 (N.D. Cal. Oct. 22, 2009)........................................21

*Durkin v. Shea & Gould,*
   92 F.3d 1510 (9th Cir. 1996) ...........................................................................18

*Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta,*
   458 U.S. 141 (1982)..........................................................................................4

*Garcia v. Wachovia Mortg. Corp.*
   676 F. Supp. 2d 895 (C.D. Cal. 2009) .................................................................7

*Giordano v. Wachovia Mortg., FSB,*
   2010 U.S. Dist. LEXIS 136284 (N.D. Cal. Dec. 14, 2010)........................................8

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Glendale Fed. Sav. & Loan Ass'n v. Fox*,
459 F. Supp. 903 (C.D. Cal. 1978) .................................................................................3

*Gonzalez v. Alliance Bancorp*,
2010 U.S. Dist. LEXIS 47943 (N.D. Cal. Apr. 19, 2010 .................................................8

*Gorton v. Wells Fargo Bank NA*,
2013 U.S. Dist. LEXIS 86006 (C.D. Cal. Nov. 27, 2012) ...............................................8

*Guerrero v. Wells Fargo Bank, N.A.*,
2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) ...........................................4, 9

*Hafiz v. Aurora Loan Servs.*,
2009 U.S. Dist. LEXIS 60003 (N.D. Cal. July 14, 2009) ..........................................13, 23

*Hague v. Wells Fargo Bank, N.A.*,
2011 U.S. Dist. LEXIS 140122 (N.D. Cal. Dec. 6, 2011) ...................................6, 12, 18

*Hague v. Wells Fargo Bank, N.A.*,
2011 U.S. Dist. LEXIS 65197 (N.D. Cal. June 20, 2011) .............................................11

*Hunt v. Wells Fargo Bank N.A.*,
2011 U.S. Dist Lexis 29110 (N.D. Cal. 2011 ...............................................................5

*In re Glenfed, Inc. Sec. Litig.*,
42 F.3d 1541 (9th Cir. 1994) ......................................................................................15

*Kearns v. Ford Motor Co.*,
567 F. 3d 1120 (9th Cir. 2009) ..................................................................................23

*Kelley v. Mortgage Electronic Registration*,
642 F. Supp. 2d 1048 (N.D. Cal. 2009) ......................................................................21

*Kennedy v. Wells Fargo Bank, N.A.*,
2012 U.S. Dist. LEXIS 134939 (N.D. Cal. Sept. 20, 2012) ..........................................11

*Kirk v. Wells Fargo Bank, N.A.*,
2013 U.S. Dist. LEXIS 55892 (N.D. Cal. Apr. 18, 2013) .............................................12

*Krug v. Wells Fargo Bank, N.A.*,
2011 U.S. Dist. LEXIS 143218 (N.D. Cal. Dec. 13, 2011) ...........................................13

*Lane v. Vitek Real Estate Indus. Group*,
713 F. Supp. 2d 1092 (E.D. Cal. May 11, 2010) .........................................................13

*Logvinov v. Wells Fargo Bank*,
2011 U.S. Dist. LEXIS 141988 (N.D. Cal. Dec. 9, 2011) .............................................13

*Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*,
750 F.2d 731 (9th Cir. Cal. 1984) ..............................................................................18

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Louisiana Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*,
    2011 U.S. Dist. LEXIS 32414 (N.D. Cal. Mar. 28, 2011)......................................................10

*Migra v. Warren City School Dist. Bd. of Education*,
    465 U.S. 75 (1984)................................................................................................................19

*Morris v. BMW of N. Am., LLC*,
    2007 U.S. Dist. LEXIS 85513 (N.D. Cal. Nov. 7, 2007)......................................................15

*Morrison v. Wachovia Mortgage*,
    2012 U.S. Dist. LEXIS 38447 (C.D. Cal. Jan. 9, 2012) ........................................................5

*Murillo v. Aurora Loan Services, LLC*,
    2009 U.S. Dist. LEXIS 61791 (N.D. Cal. Jul. 17, 2009)........................................................8

*Nguyen v. Wells Fargo Bank, N.A.*,
    749 F. Supp. 2d 1022 (N.D. Cal. Oct. 25, 2010) ..............................................................6, 8

*Odinma v. Aurora Loan Services*,
    2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010)......................................................8

*Parcray v. Shea Mortg., Inc.*,
    2010 U.S. Dist. LEXIS 40377 (E.D. Cal. Apr. 23, 2010)..................................................8, 14

*Permito v. Wells Fargo Bank, N.A.*,
    2012 U.S. Dist. LEXIS 55977, 2012 WL 1380322 (N.D. Cal. 2012) ...................................12

*Pey v. Wachovia Mortg. Corp.*,
    2011 U.S. Dist. LEXIS 131699 (N.D. Cal. Nov. 15, 2011)...................................................11

*Pinales v. Quality Loan Service Corp.*,
    2010 U.S. Dist. LEXIS 2114 (S.D. Cal. Sept. 22, 2010)........................................................8

*Quintero Family Trust v. OneWest Bank, F.S.B.*,
    2010 U.S. Dist. LEXIS 63659 (S.D. Cal. June 25, 2010)......................................................8

*Reyes v. GMAC Mortgage LLC*,
    2011 U.S. Dist. LEXIS 40953, 2011 WL 1322775 (D. Nev. Apr.5, 2011)...........................13

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
    732 F. Supp. 2d 952 (N.D. Cal. 2010) ................................................................................14

*Sami v. Wells Fargo Bank*,
    2012 U.S. Dist. LEXIS 38466 (N.D. Cal. Mar. 21, 2012).......................................................9

*Shirley v. Wachovia Mortg. FSB*,
    2011 U.S. Dist. LEXIS 29034 (N.D. Cal. Mar. 9, 2011).......................................................11

*Silvas v. E*Trade Mortgage Corp.*,
    514 F.3d 1001 (9th Cir. 2008) .............................................................................................4

v

*TBK Partners, Ltd. v. Western Union Corp.*,
   675 F.2d 456 (2d Cir. 1982)................................................................19

*Ulu v. Wells Fargo Bank N.A.*,
   2011 U.S. Dist. LEXIS 141992 (N.D. Cal. Dec. 9, 2011).......................9

*Valerio v. Boise Cascade Corp.*,
   80 F.R.D. 626 (N.D. Cal. 1978)..........................................................18

*Velasquez v. Chase Home Fin. LLC*,
   2010 U.S. Dist. LEXIS 82065 (N.D. Cal. Aug. 11, 2010)................20, 21

*Wadhwa v. Aurora Loan Services, LLC, et. al.*,
   2011 U.S. Dist. LEXIS 73949 (N.D. Cal. July 8, 2011)..........................6

*Western Sys., Inc. v. Ulloa*,
   958 F.2d 864 (9th Cir. 1992) ..............................................................19

*Winding v. Cal-Western Reconveyance Corp.*,
   2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 21, 2011) ..........................6

*Wolf v. Wells Fargo Bank, N.A.*,
   2011 U.S. Dist. LEXIS 114331 (N.D. Cal. Oct. 4, 2011)......................14

*Young v. World Sav. Bank, FSB*,
   2011 U.S. Dist. LEXIS 143481 (S.D. Cal. Dec. 13, 2011).......................8

*Yourish v. Cal. Amplifier*,
   191 F.3d 983 (9th Cir. 1999) ..............................................................15

*Zlotnik v. U.S. Bancorp, et al.*,
   2009 U.S. Dist. LEXIS 119857 (N.D. Cal. Dec. 22, 2009) ......................4

**STATE CASES**

*Brea v. McGlashan*,
   3 Cal. App. 2d 454 (1934) ..................................................................23

*Cadlo v. Owens-Illinois, Inc.*,
   125 Cal. App. 4th 513 (2004) .............................................................17

*California Ins. Guarantee Assn. v. Superior Court*,
   231 Cal. App. 3d 1617 (1991) ............................................................20

*Calvo v. HSBC Bank USA, N.A.*,
   199 Cal. App. 4th 118 (2011) .............................................................14

*City of Cotati v. Cashman*,
   29 Cal. 4th 69 (2002) .........................................................................20

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Committee On Children's Television v. General Foods Corp.*,
    35 Cal. 3d 197 (1983) ...........................................................................................24

*Dimrock v. Emerald Properties*, LLC,
    81 Cal. App. 4th 868 (2000) ..............................................................................21, 22

*Emery v. Visa Int'l Serv. Assoc.*,
    95 Cal. App. 4th 952 (2002) ...............................................................................24

*Gomes v. Countrywide Home Loans, Inc.*,
    192 Cal. App. 4th 1149 (2011) ..........................................................................12

*Jones v. Wells Fargo Bank*,
    112 Cal. App. 4th 1527 (2003) ..........................................................................22

*Mabry v. Superior Court*,
    185 Cal. App. 4th 208 (2010) .............................................................................16

*Maudlin v. Pacific Decision Sciences Corp.*,
    137 Cal. App. 4th 1001 (2006) ..........................................................................11

*Melchior v. New Line Prod., Inc.*,
    106 Cal. App. 4th 779 (2003) .............................................................................22

*Munger v. Moore*,
    11 Cal. App. 3d 1 (1970) ....................................................................................14

*Otworth v. Southern Pac. Transp. Co.*,
    166 Cal. App. 3d 452 (1985) .............................................................................22

*Price v. Wells Fargo Bank*,
    213 Cal. App. 3d 465 (1989) .............................................................................23

*Saunders v. Superior Court*,
    27 Cal. App. 4th 832 (1994) ..............................................................................24

*Schauer v. Mandarin Gems of Cal., Inc.*,
    125 Cal. App. 4th 949 (2005) ............................................................................17

*Sipe v. McKenna*,
    88 Cal. App. 2d 1001 (1948) .............................................................................21

*St. James Church v. Super. Ct.*,
    135 Cal. App. 2d 352 (1955) .............................................................................23

*Stansfield v. Starkey*,
    220 Cal. App. 3d 59 (1990) ................................................................................15

*Villacres v. ABM Indus., Inc.*,
    189 Cal. App. 4th 562 (2010) ............................................................................19

*Weiss v. Washington Mutual Bank*,
   147 Cal. App. 4th 72 (2007) ................................................................5, 9

*Wilhelm v. Pray, Price, Williams & Russell*,
   186 Cal. App. 3d 1324 (1986) ...............................................................15

*Winter v. Gnaizda*,
   90 Cal. App. 3d 750 (1979) ...................................................................20

**FEDERAL STATUTES**

12 U.S.C. § 1461. *et seq*...............................................................passim

12 U.S.C. § 1464(a) ................................................................................3

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ................................................ passim

Cal. Civ. Code § 2823.6.........................................................................16

Cal. Civ. Code § 2923.4.........................................................................17

Cal. Civ. Code § 2923.5.............................................................. passim

Cal. Civ. Code § 2923.5(a)(2)...............................................................17

Cal. Civ. Code § 2923.5(g)....................................................................17

Cal. Civ. Code § 2923.6..........................................................1, 2, 16, 17

Cal. Civ. Code § 2924(a)(1)...................................................................13

Cal. Civ. Code § 2932.5.........................................................................14

Cal. Civ. Proc. Code § 338(d)...............................................................17

Cal. Civ. Proc. Code § 761.020.............................................................20

Cal. Civ. Proc. Code § 1060 .................................................................20

**RULES**

Fed. R. Civ. P. 9(b) .........................................................................15, 23

Fed. R. Evid. 201(b)...............................................................................10

**REGULATIONS**

12 C.F.R. § 545.2 .....................................................................................3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

12 C.F.R. § 560 ................................................................................................3

12 C.F.R. § 560.2(a) .........................................................................................4

12 C.F.R. § 560.2(b) ..........................................................................4, 5, 6, 7, 9

**OTHER AUTHORITIES**

9 Witkin, *Summary of Cal. Law*, Corporations (10th ed. 2005) ...............................4, 11

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### 1.    INTRODUCTION

3

   This action arises from a secured loan made by Wells Fargo's predecessor, World

4  Savings Bank, to Plaintiff in 2007.  The borrower defaulted on the loan in April 2012, and Wells

5  Fargo has initiated foreclosure with the recording of a Notice of Default.  A foreclosure sale has

6  not been completed or even noticed.

7

   Plaintiff challenges the impending foreclosure on a number of flawed theories.  First,

8  Plaintiff alleges Wells Fargo is not the beneficiary entitled to foreclose.  Those claims are

9  contradicted by the judicially noticeable documents which demonstrate that Wells Fargo is the

10 beneficiary.  There is no legitimate issue that Wells Fargo lacks standing to initiate the

11 foreclosure.

12

   Additionally, Plaintiff complains that Wells Fargo failed to disclose the terms of her

13 Pick-A-Payment loan, falsely declared it attempted to contact her prior to recording the Notice of

14 Default as required by California Civil Code § 2923.5, failed to modify her loan as purportedly

15 required under Civil Code § 2923.6, and committed a number of unspecified and conclusory

16 errors in the servicing of her loan.  As briefed below, Plaintiff's claims fail because they are

17 federally preempted by the Home Owner's Loan Act ("HOLA"), Plaintiff failed to tender her

18 outstanding debt, and because Plaintiff fails to plead sufficient facts to state a claim.  The claims

19 should be dismissed without leave to amend.

20

### 2.    SUMMARY OF THE CASE AND JUDICIALLY NOTICEABLE DOCUMENTS

21

   On or about May 2007, Plaintiff obtained a refinance loan from Wells Fargo's

22 predecessor, World Savings Bank, FSB, in the amount of $784,000.00, secured by a deed of trust

23 against real property commonly described as 11321 Golf Links Rd., Oakland, California  94605-

24 5717 (the "Property").  (*See* Complaint[1] ¶¶21, 31, Exhibit A to Compl. [Selected pages of the

25 deed of trust]; Attached to the Request for Judicial Notice ("RJN") as Exhibit A is a true and

26 correct copy of the promissory note; attached as Exhibit B is a true and correct copy of the entire

27

28 [1] All further references to the paragraphs in the Complaint are to the paragraph number only
   unless otherwise indicated. (E.g., "¶X").

*(left margin, vertical text)* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  deed of trust, recorded with the Alameda County Recorder's Office).

2      In January 2008, World Savings Bank, FSB ("World Savings") was renamed as

3  Wachovia Mortgage, FSB ("Wachovia").  Wachovia was then merged into Wells Fargo Bank,

4  N.A. ("Wells Fargo") in November 2009.  (RJN Exhs. C, D, E, and F are true and correct copies

5  of documents issued by the U.S. Treasury Department's Office of Thrift Supervision and Office

6  of the Comptroller of the Currency that acknowledge the World Savings federal savings bank

7  charter, approve the name changes and authorize the merger; RJN Exh. G. is a copy of a page

8  from the FDIC website showing the history and profile of World Savings Bank, FSB).

9      Plaintiff has been in default on this loan since April 2012, and as such, on October 31,

10 2012, a Notice of Default and Election to Sell was served and recorded against the Property.

11 (*See* ¶34; Attached to the RJN as Exhibit H is the Notice of Default recorded with the Alameda

12 County Recorder).  A substitution of trustee, substituting Cal-Western Reconveyance

13 Corporation ("Cal-Western") as the trustee under the deed of trust was also recorded on

14 October 31, 2012.  (Attached to the RJN as Exhibit I is a true and correct copy of the

15 Substitution of Trustee, recorded with the Alameda County Recorder).  A sale has not been

16 completed or noticed.

17     Plaintiff's seven claims for relief are premised on the following theories: (1) Wells Fargo

18 does not have standing to initiate a foreclosure because it is not the beneficiary under the deed of

19 trust due to a lack of assignment and/or securitization of the loan (*see, e.g.,* ¶¶32-34, 39, 41-42,

20 43(b), 48, 52, 54-56, and 70); (2) Wells Fargo failed to disclose the terms of the Pick-A-Payment

21 loan when the loan was originated (¶¶43(e),(f), 48, 85(g)); (3) Wells Fargo falsely stated it

22 attempted to contact Plaintiff prior to recording the notice of default (¶43(c)); (4) Wells Fargo

23 failed to modify the loan as required by Civil Code § 2923.6 (*see, e.g.,* ¶¶43(d), 53, 59-64); (5)

24 Wells Fargo obtained unjust enrichment because of a credit-default swap; and (6) Wells Fargo

25 committed servicing errors, such as charging unspecified, unwarranted and excessive fees,

26 misapplying payments, and failing to disclose various fees and costs (¶¶43(e), 79, 85(a)-(g)).

27     As briefed below, not a single claim in the Complaint has merit.  The motion to dismiss

28 should be granted without leave to amend.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

### 3.   A NUMBER OF PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED

**A.**   **As A Federally Chartered Savings Bank, World Savings Operated Under HOLA**

In addition to lack of tender, this entire action is preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, *et seq.*, and its implementing regulations, including 12 C.F.R. § 560, articulated by the Treasury Department's Office of Thrift Supervision ("OTS").[2]  As detailed in Section 4(D) below, the allegations against Wells Fargo entirely relate to the "processing" and "servicing" of plaintiff's mortgage, thereby triggering HOLA preemption.

When the loans on 718 Sunset, 730 Sunset and 1970 149th Avenue were made to plaintiff, Wells Fargo's predecessor (World Savings) was a federally chartered savings bank, organized and operating under HOLA.  On December 31, 2007, World Savings was renamed as Wachovia Mortgage, FSB, which is presently a division of Wells Fargo Bank, N.A.  Attached to the accompanying RJN are true and correct copies of records evidencing World Savings' initial charter, its subsequent name change and merger, its governance by the Office of Thrift Supervision, and HOLA's application.  (RJN, Exhs. A through E).

**B.**   **Regulations Promulgated By The OTS Preempt Any State Law That Affects The Operation Of A Federal Savings Association**

Pursuant to HOLA, the OTS was granted power, "under such regulations as [it] may prescribe – to provide for the organization, incorporation, examination, operation, and regulation of…Federal savings associations…."  12 U.S.C. § 1464(a).  The OTS is thus authorized "to prescribe a nationwide system of operation, supervision, and regulation which would apply to all federal associations."  *Glendale Fed. Sav. & Loan Ass'n v. Fox*, 459 F. Supp. 903, 909 (C.D. Cal. 1978).

OTS regulations are "preemptive of any state law purporting to address the subject of the operations of a federal savings association."  12 C.F.R. § 545.2.  The "OTS hereby occupies the

---

[2]  Congress enacted HOLA during the Great Depression to "restore the public's confidence in savings and loan associations at a time when 40% of home loans were in default."  *Bank of America v. The City & County of San Francisco*, 309 F.3d 551, 559 (9th Cir. 2002).  HOLA was enacted in part due to Congressional dissatisfaction with the regulation of home financing by the states.  *American Banker Association v. Lockyear*, 239 F. Supp. 2d 1000, 1010 (E.D. Cal. 2002).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  entire field of lending regulation for federal savings associations…" and a federal savings bank,

2  "may extend credit as authorized under federal law, including this part, without regard to state

3  laws purporting to regulate or otherwise affect their credit activities."  12 C.F.R. § 560.2(a).[3]

4  Furthermore, the courts are quite clear that the HOLA regulations are "pervasive":

5  We have described HOLA and its following agency regulations as … so
   pervasive as to leave no room for state regulatory control.  [B]ecause there
6  has been a history of significant federal presence in national banking, the
   presumption against preemption of state law is inapplicable.

7

8  *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1004-1005 (9th Cir. 2008).

9  As briefed below, these "pervasive" OTS regulations preempt each state law claim.

10 **C.    State Laws Preempted by HOLA**

11 12 C.F.R. § 560.2(b) provides for preemption of state laws that purport to impose upon

12 federal savings banks and their successors[4] any requirements regarding "Processing, origination,

13 servicing, sale or purchase of, or investment or participation in, mortgages; . . . ."  12 C.F.R.

14 § 560.2(b)(10).

15 **D.    The Application of HOLA Preempts Each State Law Claim.**

16 The preemption analysis under HOLA is simple.  Step one determines whether the type

17 of state law appears on the list set forth in 12 C.F.R. § 560.2(b).  If it does, the analysis ends and

18 the state law is preempted.  There is no second step.  *Silvas,* at 514 F.3d at 1005.  Any doubt is

19

20 [3]  Indeed, case law casts a wide net over claims preempted by HOLA.  In *Bank of America,* 309
21 F.3d at 558, the Court noted:  "[S]ince the passage of the HOLA in 1933, OTS regulations have
   governed the 'powers and operations of every federal savings and loan association from its
22 cradle to its corporate grave.'"  The Supreme Court has noted that, "[i]t would have been
   difficult for Congress to give the [OTS] a broader mandate."  *Fidelity Federal Sav. & Loan Ass'n*
23 *v. de la Cuesta*, 458 U.S. 141, 159-60 (1982).

24 [4]  The application of HOLA also applies to the successors of federal savings banks.  *See e.g.,*
   *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010)
25 ("Where a national association, such as [Wells Fargo Bank, N.A.], acquires the loan of a federal
   savings bank, it is proper to apply preemption under HOLA."); *DeLeon v. Wells Fargo Bank,*
26 *N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. June 9, 2010); *Zlotnik v. U.S. Bancorp, et al.*, 2009
   U.S. Dist. LEXIS 119857, *17-26 (N.D. Cal. Dec. 22, 2009); *see also,* 9 Witkin, *Summary of*
27 *Cal. Law,* Corporations § 198 (10th ed. 2005) (In a merger the surviving entity "succeeds to the
   rights, property, debts and liabilities, without other transfer.").
28

resolved in favor of preemption.  *Weiss v. Washington Mutual Bank*, 147 Cal. App. 4th 72, 77

(2007) (among other things, fraud and UCL claims were preempted by HOLA).

Here, the allegations against Wells Fargo solely relate to the "processing [and]

servicing . . . of . . . [plaintiffs'] mortgage."  After all, nothing relates more fundamentally to loan

"servicing" than a lender's attempts to collect mortgage payments and, if necessary, to conduct a

nonjudicial foreclosure.

i.    **Claims Concerning Securitization and Note Ownership of the Loans**

Plaintiff's claims for relief concerning the "securitization" of her loan are preempted by

HOLA as they impinge on, among other OTS regulations, § 560.2(b)(4) relating to

"circumstances under which a loan may be called due and payable"; the clause under

§ 560.2(b)(7) relating to "security property"; and the clause under § 560.2(b)(10) relating to the

"servicing, sale or purchase of…mortgages."  *See Ahmed v. Wells Fargo Bank & Co.*, 2011 U.S.

Dist. LEXIS 49526, 9-10 (N.D. Cal. May 9, 2011) (Illston, J) (claims alleging "that defendants

'have no right or legal authority to foreclose on the subject property as Defendants are not legal

owners of the note and the Trust Deed'" preempted by HOLA).

In *Morrison v. Wachovia Mortgage*, 2012 U.S. Dist. LEXIS 38447, *6 (C.D. Cal. Jan. 9,

2012), the court found that HOLA applies to a plaintiff's claim that her loan was "securitized."

"The FAC asserts that because Wachovia "securitized" plaintiff's loan, it had 'no right to title or

interest in the property' and therefore wrongfully initiated foreclosure proceedings….

Allegations regarding unlawful foreclosure proceedings, however, fall within the preemptive

scope of the HOLA."  *Id.*

Likewise, in *Hunt v. Wells Fargo Bank N.A.,* 2011 U.S. Dist. Lexis 29110, *2 (N.D. Cal.

2011 (Hamilton, J.), the court held that World Savings Bank, FSB, Wachovia Mortgage, FSB,

and their successor, Wells Fargo, were all subject to HOLA, finding that allegations with respect

to the servicing of the underlying loan and its sale to a subsequent purchaser are all preempted:

"state laws that are preempted by HOLA…including those laws that deal with… the servicing,

origination, and sale of loans."  *Id.*

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1     In *Winding v. Cal-Western Reconveyance Corp.*, 2011 U.S. Dist. LEXIS 8962, *33-34

2 (E.D. Cal. Jan. 21, 2011), plaintiff sought, among other relief, damages arising from the alleged

3 improper sale of a home loan.  The court granted defendant's motion to dismiss with prejudice,

4 finding plaintiff's claim was preempted under 12 C.F.R. § 560.2(b):  "HOLA preemption …

5 warrants dismissal of the complaint's claims given that they address "sale or purchase of … or

6 participation in, mortgages [12 C.F.R. § 560.2(b)(10)].'"  *Id.* at *34; *see also Ahmed,* 2011 U.S.

7 Dist. LEXIS 49526 at *8-9 (dismissed *with prejudice* claims based on allegations that Wells

8 Fargo "did not possess the promissory note" or "are not the legal owners of the note and Trust

9 Deed" because such claims are preempted by HOLA.  In *Hague v. Wells Fargo Bank, N.A.*, 2011

10 U.S. Dist. LEXIS 140122, *13-14 (N.D. Cal. Dec. 6, 2011), the Court stated:

11         The fact that the *Hagues* challenge the securitization of the *Hagues'*
           mortgage would seem to fall squarely within § 560.2(b)(10)'s specific
12         preemption of state claims that deal with "investment" in mortgages.  Thus
           no broad interpretation of § 560.2(b)(10) is at issue here. Furthermore,
13         REMIC securitization (as alleged by the *Hagues*) does not actually remove
           the property interest of the party assigning the note—the purchase of the
14         note by entities which sell securities (i.e., securitization of the note) does
           not alter the Note. *Wadhwa v. Aurora Loan Services, LLC, et. al.*, 2011
15         U.S. Dist. LEXIS 73949, 2011 WL 2681483 at *4-5 (N.D. Cal. July 8,
           2011).  Therefore, HOLA preempts the first claim for declaratory relief.
16

17 *See also, DeLeon,* 729 F. Supp. 2d at 1121 (borrowers' claims for "wrongful foreclosure,"

18 "cancellation of trustee's deed," violation of Civil Code § 2923.5, and quiet title were preempted

19 because they directly related to loan "servicing"); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F.

20 Supp. 2d 1022 (N.D. Cal. Oct. 25, 2010, Laporte, J.) (same).

21     Another ruling directly on point is *Castillo v. Wachovia Mortg.*, 2012 U.S. Dist. LEXIS

22 50926 (N.D. Cal. Apr. 11, 2012) (Chen, J.).  Similar to the present case, the plaintiff in *Castillo*

23 alleged that "Defendants did not have the authority to foreclose because they failed to produce

24 the promissory note, MERS has 'sold the Deed of Trust over and over, and the true beneficiary is

25 unknown and has separated the Note and Deed of Trust making the deed of trust null and void.'"

26 *Castillo*, 2012 U.S. Dist. LEXIS at *15.  The court cited ample authority and concluded that:

27 "[s]uch claims, based on Defendants' alleged failure to follow proper procedures in maintaining

28 and servicing a loan and failure to demonstrate their authority to foreclose, have consistently

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

been determined to fall under the umbrella of claims preempted by HOLA." *Id.*

Here, Plaintiff's first and fourth claims are premised solely on the allegations that Wells Fargo is not the beneficiary with standing to initiate the foreclosure due to the securitization of the loan and the failure to record an assignment. (*See* ¶¶32, 34, 39, 70). As in the above decisions, the state law claims against Wells Fargo are preempted, for they fit squarely within § 560.2(b)(10). To the extent that Plaintiff's fraud and declaratory relief claims rely on these allegations, those claims should also be preempted. If not preempted, these types of state claims would unquestionably impinge upon the lending and servicing policies of federal loan associations and their successors. This is something Congress sought to avoid through the passage of HOLA.

### ii.     Plaintiff's Loan Origination Claims

Plaintiff's claims for fraud and declaratory relief allege, *inter alia*, that the terms of the loan were deceptive or improper and that Wells Fargo failed to adequately disclose those terms. (*See, e.g.,* ¶¶43(f), 48).

These origination claims are preempted by 12 C.F.R. § 560.2(b)(4): "terms of credit, including . . . adjustments to the interest rate, balance, payments due," by the "disclosures" clause in § 560.2(b)(9), and by the "[p]rocessing [and] origination" of mortgage clauses in § 560.2(b)(10). The case law agrees. *See, e.g., Garcia v. Wachovia Mortg. Corp.* 676 F. Supp. 2d 895, 913 (C.D. Cal. 2009) (court held that a lender's alleged failures to disclose adjustments to the interest rate and the negative amortization feature of the loan were preempted); *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961 (N.D. Cal. 2010) (claim for violation of Business & Professions Code § 17200 based on failure to disclose loan terms and negative amortization preempted by HOLA). Thus, to the extent the fraud and declaratory relief claims rely on allegations of wrongdoing in the origination of the loan, these claims are preempted.

### iii.    Claims Concerning Civil Code § 2923.5

Numerous district courts have ruled that the requirements of Civil Code § 2923.5 are preempted by HOLA because they fall squarely within § 560.2(b)(10). *See, Young v. World Sav. Bank, FSB*, 2011 U.S. Dist. LEXIS 143481 * 10 (S.D. Cal. Dec. 13, 2011); *Quintero Family*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    *Trust v. OneWest Bank, F.S.B.*, 2010 U.S. Dist. LEXIS 63659, *6-7 (S.D. Cal. June 25, 2010).

2         Similarly, in *Murillo v. Aurora Loan Services, LLC*, 2009 U.S. Dist. LEXIS 61791 (N.D.

3    Cal. July 17, 2009 (Ware, J.),[5] a court dismissed a Section 2923.5 claim, with prejudice, that

4    alleged "Defendants failed to properly file a declaration with their notice of default."  The district

5    court held that, "[a]s applied, Plaintiffs' § 2923.5 claim concerns the processing and servicing of

6    Plaintiffs' mortgage.  As such, the Court finds that Plaintiffs' § 2923.5 claim is preempted under

7    HOLA."  *Murillo*, 2009 U.S. Dist. LEXIS 61791 at *11; *see also Nguyen,* 749 F. Supp. 2d 1at

8    1031-33; *Gorton v. Wells Fargo Bank NA*, 2013 U.S. Dist. LEXIS 86006, *15-16 (C.D. Cal.

9    Nov. 27, 2012); *Ahmed,* 2011 U.S. Dist. LEXIS 49526 at *9-10 (claims based on "alleged

10   defects in the procedure used to foreclose the subject property" preempted by HOLA); *Giordano

11   v. Wachovia Mortg., FSB*, 2010 U.S. Dist. LEXIS 136284, *7 (N.D. Cal. Dec. 14, 2010) (Fogel,

12   J.) (finding that HOLA preempts state laws setting forth procedures for filing a notice of default

13   and conducting a foreclosure sale).

14        Like these decisions, to the extent Plaintiff's fraud claim rests on alleged failures under

15   Civil Code §2923.5, this claim fits squarely within HOLA preemptions.

16              **iv.    <u>Allegations Concerning Wells Fargo's Failure To Modify The Loan</u>**

17        Plaintiff's claims premised on Wells Fargo's failure to modify her loan triggers the

18   "servicing" prong of § 560.2(b)(10).  (*See* ¶¶43(d), 51).  Case law readily applies HOLA to

19   these kinds of state law claims, regardless of the precise name a plaintiff attaches to them.  For

20   example, there is no scarcity of authority holding that allegations arising from loan modification

21   negotiations are preempted by §§ 560.2(b)(4) and (b)(10).  In *Biggins v. Wells Fargo & Co.*, 266

22   F.R.D. 399, 417 (N.D. Cal. July 27, 2009 (White, J.), the plaintiff's UCL claim was preempted to

23   the extent it was premised on the contention that the lender refused to engage in good faith

24   modification discussions.  Because this allegation directly related to the duties that lenders and

25

26   _____

     [5]  Recent holdings that rely on *Murillo* include: *Pinales v. Quality Loan Service Corp*., 2010 U.S.
     Dist. LEXIS 2114 (S.D. Cal. Sept. 22, 2010); *Parcray v. Shea Mortg., Inc*., 2010 U.S. Dist.

27   LEXIS 40377, *24 (E.D. Cal. Apr. 23, 2010); *Gonzalez v. Alliance Bancorp*, 2010 U.S. Dist.
     LEXIS 47943, *16 (N.D. Cal. Apr. 19, 2010 (Seeborg, J.); *Odinma v. Aurora Loan Services*,

28   2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010 (LaPorte, J.).

1  loan servicers may owe the borrower, the court found that the "servicing" prong of

2  § 560.2(b)(10) was triggered.  *See also Guerrero,* 2010 U.S. Dist. LEXIS 96261 at *8 (claim that

3  bank wrongfully foreclosed during the modification process was preempted by § 560.2(b)(10)).

4      Thus, Plaintiff's claims stemming from any purported failure to modify the loan are

5  preempted.  (*See*  ¶¶53(d), 41 [fraud and declaratory relief]).

6      **v.      Claims Based On Assessment And Collection Of Improper Fees**

7      Plaintiff alleges Wells Fargo was unjustly enriched via the payments, interest and fees

8  collected under the Note.  (¶¶43(e), 79, 85).  This challenge to the terms of credit is preempted.

9  12 C.F.R. §560.2(b)(4); *see Weiss v. Washington Mutual Bank,* 147 Cal. App. 4th 72 (2007);

10  *Sami v. Wells Fargo Bank,* 2012 U.S. Dist. LEXIS 38466, *27 (N.D. Cal. Mar. 21, 2012)

11  ("HOLA explicitly preempts any state law affecting the "processing. . . [of] mortgages" and any

12  state law affecting '[l]oan related fees, including. . . late charges. . . and overlimit fees."); *Ulu v.*

13  *Wells Fargo Bank N.A.*, 2011 U.S. Dist. LEXIS 141992, *1314 (N.D. Cal. Dec. 9, 2011)

14  ("Plaintiffs' third cause of action for an accounting challenges WFB's disclosure, as well as its

15  servicing practices, by alleging that Plaintiffs cannot ascertain the true amount owed on the note

16  without an accounting.  This claim is preempted by HOLA.").

17      Thus Plaintiff's claims stemming from any collection of fees, interest, payments collected

18  under the Note are preempted.  (*See* ¶¶43(e), 79, 85 [fraud, accounting and Business &

19  Professions Code § 17200]).

20  **4.      A MAJORITY OF PLAINTIFF'S CLAIMS ARE PREMISED ON ALLEGATIONS**

21  **WHICH ARE FACTUALLY INCORRECT AND FAIL AS A MATTER OF LAW**

22      A number of Plaintiff's claims attack the foreclosure sale process on the ground that,

23  when foreclosure proceedings were initiated, Wells Fargo did not have an interest in the loan as

24  the beneficiary or lender.  (*See*  ¶¶32-34, 39 [first, wrongful foreclosure], ¶¶41-42 [second,

25  fraud], ¶¶48, 54-56 [third, declaratory relief] and ¶70 [fourth, quiet title]).  For the reasons set

26  forth below, Plaintiff's entire claims for wrongful foreclosure (1st) and quiet title (4th) fail, as

27  each claim is based solely on these allegations.  To the extent the fraud (2nd) and declaratory

28  relief (3rd) claims are premised on these allegations, those claims fail as well.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**A.**    <u>**Wells Fargo Is The Beneficiary With The Legal Right To Initiate And Conduct**</u>
<u>**Foreclosure Proceedings**</u>

Plaintiff admits she obtained the subject loan from World Savings in May 2007, which was secured by a deed of trust on the subject Property.  (*See*  ¶¶21, 31 & Exh. A thereto; RJN Exhs. A, B).  The judicially noticeable documents confirm that World Savings is the predecessor of Wells Fargo.  (*See* RJN Exhs. C through G).  "A court may take judicial notice of facts that are 'not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"  *Louisiana Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 2011 U.S. Dist. LEXIS 32414 (N.D. Cal. Mar. 28, 2011) (White, J.) (*quoting* Fed. R. Evid. 201(b)).

As discussed previously, World Savings simply changed its name to Wachovia Mortgage, FSB effective January 1, 2008. (RJN Exh. C).  In November 2009, Wachovia Mortgage, FSB was merged into Wells Fargo.  (RJN Exhs. E through G).  To be sure, the following documents reveal that Wells Fargo is entitled to foreclose the deed of trust as the beneficiary:

1.    The deed of trust identified World Savings Bank, FSB as the lender and beneficiary.  (RJN Exh. B).

2.    A letter issued by the Office of Thrift Supervision authorized the name change from World Savings Bank, FSB to Wachovia Mortgage, FSB.  (RJN Exh. D).

3.    A letter issued by the Office of the Comptroller of the Currency authorized the name change from Wachovia Mortgage, FSB to Wells Fargo Bank Southwest N.A., and the merger with Wells Fargo Bank, N.A. (RJN Exh. F).

4.    The Substitution of Trustee advises Plaintiff that the beneficiary under the deed of trust is:  "WELLS FARGO BANK, NA SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE FSB FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB BANK …." (RJN Exh. I).

The merger with Wells Fargo, like the name change to Wachovia Mortgage, FSB,

1    required no formal transfer or assignment of the note or deed of trust.  In a merger, the surviving

2    entity "succeeds to the rights, property, debts, and liabilities, without other transfer." 9 Witkin,

3    *Summ. Cal. Law*, Corporations, § 198, p. 968 (10th ed. 2005); *Maudlin v. Pacific Decision*

4    *Sciences Corp.*, 137 Cal. App. 4th 1001, 1009-10 (2006) (contract rights of acquired entity are

5    unchanged by merger).  Thus, no formal assignment was required.

6           Further confirmation of Wells Fargo's status as beneficiary under the deed of trust is

7    found in the case law:  "Yet the record before the Court does not suggest that World Savings

8    assigned its power of sale.  Judicially noticeable documents show that World Savings and Wells

9    Fargo are one and the same.  World Savings simply changed its name to Wells Fargo." *Hague v.*

10   *Wells Fargo Bank, N.A.,* 2011 U.S. Dist. LEXIS 65197 (N.D. Cal. June 20, 2011)

11   (Henderson, J.).

12          Other courts have taken judicial notice of the same documents that Wells Fargo is

13   offering here to establish its status as World Savings' successor.  *Kennedy v. Wells Fargo Bank,*

14   *N.A.*, 2012 U.S. Dist. LEXIS 134939,* 2-4, n. 2, 3 (N.D. Cal. Sept. 20, 2012) (Chesney, J.)

15   (court took judicial notice of letters from Office of Thrift Supervision and Comptroller of the

16   Currency (RJN, Exs. C-F) and found that "World Savings Bank, FSB [was] an entity

17   subsequently acquired by Wachovia Mortgage, FSB, which, in turn, was acquired by Wells

18   Fargo."); *Pey v. Wachovia Mortg. Corp.*, 2011 U.S. Dist. LEXIS 131699, *3-4 (N.D. Cal.

19   Nov. 15, 2011) (Conti, J.) (taking judicial notice of documents establishing that Wells Fargo

20   succeeded to World Savings' interest in deed of trust as the result of a name change and merger);

21   *see also*, *Shirley v. Wachovia Mortg. FSB*, 2011 U.S. Dist. LEXIS 29034 (N.D. Cal. Mar. 9,

22   2011) ("That Wachovia is now part of Wells Fargo Bank is a fact of common knowledge not

23   subject to reasonable dispute.").

24          Thus, the beneficiary of the Deed of Trust is identified from the continuous and unbroken

25   chain from World Savings Bank, FSB through its name change to Wachovia Mortgage, FSB to

26   its merger into Wells Fargo Bank, N.A.  As such, there was no assignment or securitization of

27   Plaintiff's loan.  Plaintiff's claim that Wells Fargo is not the beneficiary under the deed of trust is

28   unsupported (and erroneous) conjecture.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**B.**     **Claims Based On Ownership And Securitization Have Been Rejected in California.**

California does not recognize a cause of action whereby a borrower may "test whether the person electing to sell the property is, or is duly authorized to do so by, the owner of a beneficial interest in it." *Gomes v. Countrywide Home Loans, Inc*., 192 Cal. App. 4th 1149, 1154 (2011) ("Nothing in the statutory provisions establishing the nonjudicial foreclosure process suggests that such a judicial proceeding is permitted or contemplated."); *see also Aguirre v. Cal-Western Reconvey. Corp*., 2012 U.S. Dist. LEXIS 12060, *15-16 (C.D. Cal. Jan. 30, 2012) (under *Gomes*, such a claim "fails as a matter of law."); *Hague,* 2011 U.S. Dist. LEXIS 84695 at *8 (Wells Fargo need not demonstrate title in order to foreclose; rather, "[i]t need only comply with California's nonjudicial foreclosure statutes.").

Similarly, numerous courts, including this one, have rejected claims based on the foreclosing lender's alleged lack of standing to foreclose based on the alleged "securitization" of a loan. *See, Kirk v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 55892, 9-10 (N.D. Cal. Apr. 18, 2013) (*citing with approval*, *Permito v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 55977, 2012 WL 1380322, *5 (N.D. Cal. 2012) (Gonzalez Rogers, J) "(observing that many other courts have also rejected this argument). The 'securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust.' *Reyes v. GMAC Mortgage LLC*, 2011 U.S. Dist. LEXIS 40953, 2011 WL 1322775, at *2 (D. Nev. Apr.5, 2011).")[6]

Accordingly, Plaintiff cannot bring an action essentially requiring defendants to prove

---

[6] *See also, Krug v. Wells Fargo Bank, N.A*., 2011 U.S. Dist. LEXIS 143218 (N.D. Cal. Dec. 13, 2011) (Seeborg, J.) (dismissing with prejudice claims based on allegation that, "as a result of his loan having been 'securitized' and the particular manner in which that was done, the entities now seeking to foreclose lack standing to do so, either because they in fact do not have the legal right to enforce the security obligation, or because, at a minimum, they have not established that they have such a right") (*citing Hafiz v. Greenpoint Mortg. Funding, Inc*., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (Alsup, J)); *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. May 11, 2010) (court rejected the borrower's contention that "none of the defendants have the authority to foreclose because their loan was packaged and resold in the secondary market, where it was put into a trust pool and securitized"); *Logvinov v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 141988, *9 (N.D. Cal. Dec. 9, 2011) (Ryu, J.) ("The argument that parties lose their interest in a loan when it is assigned to a trust pool or REMIC has been rejected by numerous courts").

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   their authority to proceed with the nonjudicial foreclosure.  Moreover, even if the loan were

2   securitized, the power of sale pursuant to the Deed of Trust is not lost, and the lender,

3   beneficiary, trustee or any of their agents can initiate the nonjudicial foreclosure proceedings

4   upon the borrower's default.  Section 2924(a)(1) provides that an authorized agent of the trustee,

5   mortgagee or beneficiary may record a notice of default.  Cal. Civ. Code § 2924(a)(1).  Cal-

6   Western Reconveyance Corporation, as the substituted trustee authorized by Wells Fargo,

7   initiated and conducted the foreclosure proceedings.  *See*, *Hafiz*, 652 F. Supp. 2d at 1043.

8   **C.    Contrary To Plaintiff's Allegations, No Assignment of the Deed of Trust Was**

9        **Necessary**

10        Plaintiff also contends that the foreclosure mechanics are flawed because of failure to

11   assign the deed of trust.  Wells Fargo concedes that there are no assignments of the subject deed

12   of trust, for none was necessary; Plaintiff's original lender, World Savings Bank, FSB, merely

13   changed its name to "Wachovia Mortgage, FSB" and then merged into "Wells Fargo Bank,

14   N.A."  (RJN Exhs. C through G).  District court authority acknowledges this corporate

15   transition.  *See e.g.*, *DeLeon*, 729 F. Supp. 2d at 1121 (court found that World Savings Bank,

16   FSB became Wachovia Mortgage, FSB, and then merged into Wells Fargo Bank, N.A.).

17        Equally important, cases interpreting Civil Code § 2932.5 hold that it does not even apply

18   to the power of sale under a deed of trust.  *See e.g.*, *Wolf v. Wells Fargo Bank, N.A.*, 2011 U.S.

19   Dist. LEXIS 114331, *11 (N.D. Cal. Oct. 4, 2011) (Alsup, J.) ("plaintiff's loan is secured by a

20   deed of trust . . . which is not covered by this statute."); *Calvo v. HSBC Bank USA, N.A.*, 199

21   Cal. App. 4th 118, 122 (2011) ("It has been established since 1908 that this statutory requirement

22   that an assignment of the beneficial interest in a debt secured by real property must be recorded

23   in order for the assignee to exercise the power of sale applies only to a mortgage and not to a

24   deed of trust."); *Parcray*, 2010 U.S. Dist. LEXIS 40377 at *31 ("There is no requirement under

25   California law for an assignment to be recorded in order for an assignee beneficiary to

26   foreclose.").

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

5.   **PLAINTIFF'S INDIVIDUAL CLAIMS ARE ALSO SUBSTANTIVELY FLAWED**

A.   **The Wrongful Foreclosure Claim Suffers From A Number of Defects**

As discussed previously, this claim is premised on lack of assignment (¶32), legal standing (¶34) and lack of ownership (¶39).  While HOLA preemption and factual inaccuracies concerning ownership of the loan already doom this claim, this claim is additionally flawed because Plaintiff cannot plead the first essential element of a wrongful foreclosure claim, *i.e.,* a *completed* trustee's sale.  In the absence of a completed sale, Plaintiff's claim for wrongful foreclosure is "premature."  *See, Rosenfeld v. JPMorgan Chase Bank, N.A.,* 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010) (*citing Munger v. Moore*, 11 Cal. App. 3d 1, 7 (1970) ("A lender or foreclosure trustee may only be liable to the mortgagor or trustor for wrongful foreclosure if the property was fraudulently or illegally sold under a power of sale contained in a mortgage or deed of trust.")).

The sale has not been completed.  As such, there can be no wrongful foreclosure claim.

B.   **Plaintiff's Fraud Claim Lacks Specificity, Is Not Premised On A Misrepresentation Of A Past Or Existing Material Fact And Is Time-Barred**

Plaintiff bases her fraud claim on a number of wrongful acts.  She asserts that Wells Fargo falsely represented that it was the beneficiary with legal authority to initiate the foreclosure (¶¶41, 43(b)); Wells Fargo falsely represented that it attempted to contact her prior to recording the notice of default (¶¶43(a), (c)); Wells Fargo falsely represented that there were no modification options available (¶43(d)); and Wells Fargo failed to disclose fees and steep monthly payments in the risky Pick-A-Payment loan (¶¶21, 43(e), (f)).  As demonstrated below, Plaintiff has not and cannot assert a viable fraud claim based on any of these allegations.

i.   **The Claim Lacks Specificity**

Allegations of fraud must meet the heightened pleading standards of Rule 9(b), which require allegation of "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading."  *Morris v. BMW of N. Am., LLC*, 2007 U.S. Dist. LEXIS 85513, *8 (N.D. Cal. Nov. 7, 2007) (*citing In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 n.7 (9th Cir. 1994)).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   In addition to the "time, place and content of an alleged misrepresentation," Plaintiff

2   "must set forth what is false or misleading about a statement, and . . . [provide] an explanation as

3   to why the statement or omission complained of was false or misleading." *Yourish v. Cal.*

4   *Amplifier*, 191 F.3d 983, 993, n.10 (9th Cir. 1999).  To plead a cause of action for fraud, Plaintiff

5   must allege:  (i) a false representation as to a material fact, (ii) knowledge of its falsity,

6   (iii) intent to defraud, (iv) actual and justifiable reliance upon the misrepresentation, and

7   (v) damage resulting from that justifiable reliance.  *Stansfield v. Starkey*, 220 Cal. App. 3d 59,

8   72-73 (1990); *Wilhelm v. Pray, Price, Williams & Russell,* 186 Cal. App. 3d 1324, 1331 (1986).

9   **ii.     Plaintiff Fails To Allege Any False Representation**

10   Plaintiff alleges a number of false representations (*e.g.*, Wells Fargo is the beneficiary,

11   Wells Fargo attempted to contact Plaintiff, and there are no modification options available);

12   however, she fails to state who made the alleged false statements, when or to whom.  Moreover,

13   there is no legal or factual support for her claim that these representations are false.

14   For instance, as for Plaintiff's allegation that Wells Fargo falsely represented that it was

15   the beneficiary under the deed of trust with authority to foreclose (¶43(b)), as discussed above,

16   the judicially noticeable documents demonstrate that Wells Fargo is the beneficiary under the

17   deed of trust.  Those documents control over Plaintiff's conclusions to the contrary.

18   The allegation that the declaration attached to the notice of default is false because no one

19   contacted Plaintiff, or attempted to contact Plaintiff, as required by Civil Code §2923.5 (¶43(a),

20   (c)) cannot support a fraud claim either.  Upon examination of the declaration attached to the

21   NOD, it becomes evident that Wells Fargo complied with Section 2923.5.  For instance,  Wells

22   Fargo's Vice President of Loan Documentation made the following declaration:  "The

23   Beneficiary [Wells Fargo] tried with due diligence but was unable to contact the borrower to

24   discuss the borrower's financial situation and to explore options for the borrower to avoid

25   foreclosure as required by California Civil Code Section 2923.5."  (RJN Exh. H, p. 3).

26   According to the seminal case of *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010), and in

27   the face of the conclusory allegations of noncompliance, this is all that is required.  *See*

28   *Cabanilla v. Wells Fargo*, 2012 U.S. Dist. LEXIS 39270, *11-13 (C.D. Cal. Mar. 20, 2012)

("This declaration [of compliance] is sufficient to establish that Wachovia has met its obligations under § 2923.5.").

Here, Plaintiff does not allege she never received telephone calls, messages, or correspondence from Wells Fargo. She makes conclusory statements that Wells Fargo did not comply with the statute. Plaintiff's attempt to impose more substantive obligations on Wells Fargo is inconsistent with the language of the statute and the holding of *Mabry*. Such allegations cannot serve as a basis for this claim.

Plaintiff also asserts that Wells Fargo falsely declared that no modification options were available. (¶43(d)). It appears that Plaintiff's claim is premised on the belief that Wells Fargo is required to provide a modification of her loan.[7] (*See* ¶63 ["Defendants are now contractually bound to implement the loan modification"]). This is simply not the case. California law does not compel a lender to provide a loan modification. *See Mabry,* 185 Cal. App. 4th at 223-24 ("Section 2923.6 merely expresses the *hope* that lenders will offer loan modifications on certain terms.").

The requirements of former sections 2923.5 and 2923.6 were clear: these statutes merely required the lender to contact the borrower, or make a good faith attempt to contact the borrower, to discuss foreclosure alternatives. *See e.g.*, former Civ. Code §§ 2923.5(a)(2) & 2923.5(g). As for the new legislation, even if it did apply to Plaintiff's loan, the HBOR likewise imposes no affirmative obligation on lenders or loan servicers to extend a modification. *See* Civ. Code § 2923.4 ("Nothing in the act … shall be interpreted to require a particular result of that [loss mitigation] process"). Moreover, while Plaintiff alleges her willingness to accept a modification, she admits Wells Fargo has already informed her that there are no options available for her. (¶43(d)). Thus, Plaintiff fails to allege facts sufficient for this claim as well.

### iii.    Plaintiff Fails To Plead Justifiable Reliance.

Plaintiff fails to plead any facts revealing reliance on any representations, let alone facts showing reliance was justified. She simply declares that she "did rely on these

---

[7]  Plaintiff cites to Civil Code §2823.6, but Wells Fargo assumes for purposes of this motion that Plaintiff is referring to former Civil Code § 2923.6. (*See* ¶¶57-63).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 misrepresentations."  (¶44).  It "is axiomatic that a plaintiff must allege she 'actually relied upon

2 the misrepresentation; i.e., that the representation was 'an immediate cause of [her] conduct

3 which alter[ed] [her] legal relations,' and that without such representation, '[she] would not, in

4 all reasonable probability, have entered into the contract or other transaction.'"  *Schauer v.*

5 *Mandarin Gems of Cal., Inc.,* 125 Cal. App. 4th 949, 960 (2005) (citations omitted); *Cadlo v.*

6 *Owens-Illinois, Inc.,* 125 Cal. App. 4th 513, 519 (2004).  (Specificities of reliance must be

7 pleaded.).  Plaintiff pleads no factual allegations at all showing  justifiable "reliance."

      **iv.**    **The Fraud Claim Is Time-Barred Where It Is Based on Origination**

8

9                **Allegations**

10       Plaintiff's loan originated in May 2007.  The statute of limitation for a fraud claim is

11 three years.  Cal. Code Civ. Proc. § 338(d).  As such, any claims for fraud based on events

12 occurring during the origination of the loan should have been brought by May 2010.  This action

13 was brought in December 2012.  It is over two years too late.

      **v.**    **As A Member Of A Nationwide Class Action, Plaintiff's Claims Concerning**

14

15                **The Pick-A-Payment Loan Have Been Fully Resolved And May Not Be**

16                **Raised Again Here**

17       Plaintiff is a member of a class action which has fully and finally resolved her challenges

18 to the origination of the Loan.  This Court certified a class action styled *Dolores Mandrigues,*

19 *et al. v. World Savings, Inc., et al.*, Case No. 5:07-cv-4497, to include all borrowers under "Pick-

20 A-Payment" loans issued by World Savings Bank, FSB between August 1, 2003, and

21 December 31, 2008 (the "Class Action").  (RJN Exh. J at 5:25-27 [Order Granting Final

22 Approval of Class Action Settlement]).  Plaintiff is included in the class and did not opt out.

23 (*See* RJN, Exh. K [Opt Out List]).  The Class Action resulted in a dismissal of claims WITH

24 PREJUDICE once the Court approved the Class Action Settlement.  (RJN Exh. L [Class Action

25 Judgment]).  All claims arising out of the origination of class members' pick-a-payment

26 mortgage loans have been released.  *See, Hague v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist.

27 LEXIS 140122, *18 (N.D. Cal. Dec. 6, 2011) ("claims arising out of the loan at issue, its

28 potential for negative amortization, the way in which payments were applied, and the disclosures

1   related to the loan. To the extent that Plaintiffs' claims arise out of these issues, they are barred

2   by the Mandrigues settlement.")

3          The doctrine of *res judicata* prevents an individual whose claims were litigated to final

4   judgment from being a member of a class action involving the same claims. *See, Los Angeles*

5   *Branch NAACP v. Los Angeles Unified School Dist.*, 750 F.2d 731, 741 (9th Cir. Cal. 1984)

6   ("The present class therefore comprises some members who were also members of the Crawford

7   class and others who were not. The former are clearly bound by Crawford under the traditional

8   application of res judicata; the latter are not."). A court-approved class action settlement serves

9   to bar future claims of class members because, "restricting the res judicata effect of class action

10  settlements would lessen a defendant's incentive to settle." *Durkin v. Shea & Gould*, 92 F.3d

11  1510, 1518 (9th Cir. 1996) (*quoting Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 649 (N.D.

12  Cal. 1978); *see also TBK Partners, Ltd. v. Western Union Corp.,* 675 F.2d 456, 460 (2d Cir.

13  1982) ("in order to achieve a comprehensive settlement that would prevent relitigation of settled

14  questions at the core of a class action, a court may permit the release of a claim based on the

15  identical factual predicate as that underlying the claims in the settled class action even though the

16  claim was not presented and might not have been presentable in the class action.").

17         The doctrine of *res judicata* (or "claim preclusion") bars any claim that was actually

18  raised in the prior litigation as well as any claims that *could have* been raised. *Migra v. Warren*

19  *City School Dist. Bd. of Education*, 465 U.S. 75, 77 (1984); *Cell Therapeutics, Inc. v. Lash*

20  *Group*, Inc., 586 F.3d 1204, 1212 (2010); *Villacres v. ABM Indus., Inc.*, 189 Cal. App. 4th 562

21  (2010). Thus, it does not matter if the prior action asserted the same legal theories or causes of

22  action. *Res judicata* applies as long as the prior action arose out of the same transaction or series

23  of transactions as the origination action. *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.

24  1992), *cert. denied ,* 506 U.S. 1050 (1993).

25         As the Class Action court noted, that action involved claims that Wachovia's Pick-A-

26  Payment loans violated TILA and various state laws because the relevant loan documents

27  allegedly "failed to make adequate disclosures regarding the certainty of negative amortization,

28  the actual payment schedules, the interest rates on which these schedules were based, and the full

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  terms of the parties legal obligations."  (RJN, Exh. J at 2:10-14 [Order Granting Final

2  Approval]).  In short, the Class Action challenged the disclosures, origination and terms of the

3  Pick-A-Payment loan.

4  These are the same claims asserted by Plaintiff here.  She claims defendants engaged in

5  fraudulent misrepresentations or omissions as to the terms of the Pick-A-Payment mortgage loan.

6  (*See* ¶¶21, 43(f)). These claims fall squarely within those adjudicated by the Class Action.  The

7  Court-approved settlement and dismissal with prejudice in the Class Action binds Plaintiff and

8  bars her from raising the same claims now.

9  **C.    There Is No Basis For Declaratory Relief**

10  Plaintiff seeks the Court's determination regarding defendants' rights and duties

11  concerning the terms of the loan, the parties with legal standing, and the implementation of the

12  new foreclosure provisions (¶¶47-48) and Plaintiff's willingness and expectation that Wells

13  Fargo modify her loan (¶¶51, 63).  These are the exact claims alleged in the wrongful foreclosure

14  (¶¶32, 34, 39) and fraud (¶¶41-42, 43(a), 43(d), 43(f), 51) claims and to some extent in the claim

15  to quiet title (¶70).  Declaratory relief will not "'lie to determine an issue that is already subject

16  to another claim.'"  *Velasquez v. Chase Home Fin. LLC*, 2010 U.S. Dist. LEXIS 82065 (N.D.

17  Cal. Aug. 11, 2010) (Illston, J) (citing *California Ins. Guarantee Assn. v. Superior Court*, 231

18  Cal. App. 3d 1617, 1623 (1991)).

19  Moreover, Plaintiff must allege sufficient facts to establish the existence of an "actual

20  controversy relating to the legal rights and duties of the respective parties."  *See* Cal. Code Civ.

21  Proc. § 1060; *Winter v. Gnaizda*, 90 Cal. App. 3d 750, 755 (1979).  The "fundamental basis of

22  declaratory relief is the existence of an actual, present controversy over a proper subject."  *City

23  of Cotati v. Cashman*, 29 Cal. 4th 69, 79 (2002).

24  Here, the judicially noticeable documents attached to the RJN undermine Plaintiff's

25  contention that the subject mortgage was securitized into the Trust and that Wells Fargo does not

26  own this loan. (RJN Exhs. A through G).  In addition, and as discussed previously, any

27  controversy concerning the terms of the loan is barred by *res* judicata and claims based on the

28  expectation of a loan modification are without legal merit.  Accordingly, Plaintiff cannot

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  establish the "fundamental basis" to support this claim.  *City of Cotati*, 29 Cal. 4th at 79.

2  **D.    Plaintiff's Claim For Quiet Title Is Additionally Flawed**

3  Plaintiff's quiet title claim is premised solely on the theory that Wells Fargo has no

4  interest in the property.  (*See* ¶70).  While the claim is preempted by HOLA, Plaintiff  otherwise

5  fails to plead the required elements.

6  A claim to quiet title requires a verified complaint setting forth facts to show each of the

7  following elements:  (1) a description of the property that is the subject of the action; (2) the title

8  of the plaintiff as to which a determination is sought and the basis of the title; (3) the adverse

9  claims to the title of the plaintiff against which a determination is sought; (4) the date as to which

10  determination is sought; and (5) a prayer for determination of title of the plaintiff against the

11  adverse claims.  Cal. Civ. Proc. Code § 761.020.

12  Plaintiff bases her title on the deed of trust.  (¶68).  However, that does not grant title to

13  Plaintiff, but rather grants a security interest in the Property to Plaintiff's lender World Savings

14  (now Wells Fargo).  (*See* RJN Exh. B).  Moreover, the Complaint does not allege a basis for

15  quieting title in Plaintiff's favor.  Plaintiff alleges that defendants have no right, title, interest or

16  estate in the Property because they have no ownership in Plaintiff's Loan.  (*See*  ¶70).  It is clear,

17  however, that Wells Fargo owns Plaintiff's loan and thus, has an interest in the Property as the

18  beneficiary under the Deed of Trust.  (*See* Discussion above; RJN Exhs. C through G).

19  Moreover, a party seeking to quiet title must tender the full amount of the outstanding

20  indebtedness.  *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) ("A party may not without

21  payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or

22  have his title quieted . . . ."); *Velasquez v. Chase Home Fin. LLC*, 2010 U.S. Dist. LEXIS 82065,

23  9-11 (N.D. Cal. Aug. 11, 2010) ("plaintiff is required to allege the tender of the proceeds of the

24  loan at the pleading stage, which he has not done.  *See, Kelley v. Mortgage Electronic*

25  *Registration*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ('Plaintiffs have not alleged . . . that

26  they have satisfied their obligation under the Deed of Trust.  As such, they have not stated a

27  claim to quiet title.'); *see also Distor v. US Bank, NA*, Case No. 09-02086 SI, 2009 U.S. Dist.

28  LEXIS 98361, *16 (N.D. Cal. Oct. 22, 2009) ('plaintiff has no basis to quiet title without first

1   discharging her debt, and . . . she has not alleged that she has done so and is therefore the rightful

2   owner of the property')."

3          Plaintiff admits she is in default.  The notice of default reflects she was $19,548.18 in

4   arrears as of October 27, 2012, and that debt has continued to climb.  Plaintiff relies on *Dimrock*

5   *v. Emerald Properties*, LLC, 81 Cal. App. 4th 868 (2000) for the contention that she is not

6   required to tender the outstanding debt where the defendants have purportedly engaged in

7   fraudulent and predatory practices.  (*See* ¶71).  *Dimrock* does not aid her.  In *Dimrock*, the court

8   overturned a summary judgment entered in defendant's favor because the original trustee

9   foreclosed upon the property even though a substitution of trustee had been recorded.  *Id.* at 874.

10  This is not applicable here, where Plaintiff's claims are based on the allegation that "Defendants

11  did not have a true beneficial interest in the Deed of Trust at the time the instruments were

12  recorded," and that "signatories of the Assignment of Deed of Trust and Substitution of Trustee"

13  did not have the authority to execute the documents.  Plaintiff has not alleged that the original

14  trustee conducted the nonjudicial foreclosure, even though a substitution of trustee had been

15  recorded.  Therefore, the holding in *Dimrock* is irrelevant to the instant action and to the

16  requirement for tender to proceed on this claim.

17  **E.      Plaintiff Cannot Prevail On Her Claim For Unjust Enrichment (5th)**

18         Unjust enrichment is not a cognizable cause of action but "the result of a failure to make

19  restitution under circumstances where it is equitable to do so."  *Melchior v. New Line Prod., Inc.*,

20  106 Cal. App. 4th 779, 793 (2003).  Under the theory of unjust enrichment, "one who acquires a

21  benefit which may not justly be retained [is required] to return either the thing or its equivalent to

22  the aggrieved party so as not to be unjustly enriched."  *Otworth v. Southern Pac. Transp. Co.*,

23  166 Cal. App. 3d 452, 460 (1985).  Unjust enrichment is inapplicable where a defendant has

24  merely obtained that to which it was entitled to pursuant to a contract between the parties.  *See,*

25  *e.g., Jones v. Wells Fargo Bank*, 112 Cal. App. 4th 1527, 1541 (2003) (holding that where

26  plaintiff alleged no facts to show unjust enrichment except for a note and forbearance agreement

27  between the parties, defendants would not be unjustly enriched "by receiving contingent interest

28  to which they are legally entitled.").

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Plaintiff's sole claim that Wells Fargo has received benefits it is not entitled to retain is

2 based upon the allegation that it did not own the note, that the loan was securitized and/or

3 satisfied with Credit Default Swaps. (*See* ¶75). The facts are that this loan was not sold or

4 "securitized" and that Plaintiff's loan was not satisfied. To the contrary, Wells Fargo is the

5 owner of the note by virtue of the merger described above. (RJN Exhs. C through G).

6    **F.    The Claim For Accounting Is Without Legal Merit**

7    Plaintiff seeks an accounting (6th) claiming defendants assessed unspecified, unnecessary

8 and undisclosed charges and fees on the loan. (*See* ¶79). This claim fails for two reasons.

9    An accounting requires facts demonstrating a fiduciary relationship and a balance due

10 from the defendant to the plaintiff that can only be determined by an accounting. *Brea v.*

11 *McGlashan*, 3 Cal. App. 2d 454, 460 (1934); *Hafiz v. Aurora Loan Servs.*, 2009 U.S. Dist.

12 LEXIS 60003 (N.D. Cal. July 14, 2009) (Illston, J.). A claim does not lie when there is an

13 adequate remedy at law, or all the facts necessary for calculation of the amount are alleged or

14 within the plaintiff's knowledge. *St. James Church v. Super. Ct.*, 135 Cal. App. 2d 352, 359

15 (1955). Plaintiff satisfies neither of the necessary elements for an accounting claim. First, a

16 lender does not have a "special" or fiduciary relationship with its borrowers. *Price v. Wells*

17 *Fargo Bank,* 213 Cal. App. 3d 465, 476 (1989). The relationship between Wells Fargo and

18 Plaintiff is one of an arms-length transaction, nothing more. Second, Wells Fargo does not owe

19 anything to Plaintiff – on the contrary, Plaintiff owes money to Wells Fargo. Therefore, a claim

20 for accounting is inappropriate and should be dismissed without leave to amend.

21    **G.    Plaintiff Fails To Plead A Claim For Unfair Competition**

22    California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.*

23 ("UCL") precludes any unlawful, unfair, or fraudulent business act or practice. Plaintiff's UCL

24 claim (7th) is based on allegations that Wells Fargo engaged in fraudulent conduct in assessing

25 improper and excessive fees, misapplying payments, failing to provide adequate statements, and

26 a failure to disclose costs and fees. (*See* ¶¶84-85). UCL claims relying on the "fraudulent"

27 business practices prong are subject to the heightened pleading requirement of Rule 9(b). *See,*

28 *Kearns v. Ford Motor Co.,* 567 F. 3d 1120, 1125 (9th Cir. 2009) ("we have specifically ruled

1  that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and

2  UCL.").

3          Plaintiff's allegations, however, fall well short of fraud's strict pleading requirements.

4  For instance, Plaintiff alleges "defendants" engaged in deceptive practices in  the servicing of the

5  loan and related foreclosure activities.  (¶¶84-85).  Yet Plaintiff fails to allege any specific

6  allegations as to who, what, when and how Wells Fargo committed these purportedly fraudulent

7  acts.  Plaintiff's claim is vague and conclusory and fails to state any supporting facts.

8          Moreover, to plead a claim under the UCL based on fraud, Plaintiff must allege the

9  existence of a scheme to mislead consumers, and that each misrepresentation to each consumer

10  conformed to that scheme.  *Committee On Children's Television v. General Foods Corp.*, 35 Cal.

11  3d 197, 211 (1983).  It must be shown that members of the public "are likely to be deceived."

12  *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 839 (1994).  Here, Plaintiff's allegations

13  relate only to her loan and do not detail a scheme intended to victimize the public.  As such,

14  Plaintiff's UCL claim fails.

15          Finally, the UCL claim lumps all the parties together by alleging that:  "Defendants

16  engage in deceptive practices" (¶85).  This is improper, for Wells Fargo cannot be held liable for

17  the conduct of other defendants.  *Emery v. Visa Int'l Serv. Assoc.*, 95 Cal. App. 4th 952, 960

18  (2002) (emphasis added) ("a defendant's liability must be based on his personal participation in

19  the unlawful practices and unbridled control over the practices").

20                          **6.**   **CONCLUSION**

21          For the foregoing reasons, Wells Fargo respectfully requests that this Court grant its

22  motion to dismiss without leave to amend.

23  Dated:  November 1, 2013

24

25

26

27

28

Respectfully submitted,
ANGLIN, FLEWELLING, RASMUSSEN,
    CAMPBELL & TRYTTEN LLP
By:    /s/ Christine Hehir
        Christine Hehir
        chehir@afrct.com
Attorneys for Defendant WELLS FARGO
BANK, N.A., successor by merger with
Wells Fargo Bank Southwest, N.A. formerly
known as WACHOVIA MORTGAGE, FSB
formerly known as WORLD SAVINGS
BANK, FSB ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

## CERTIFICATE OF SERVICE

2        I, the undersigned, declare that I am over the age of 18 and am not a party to this action.

3 I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena,

4 California  91101-2459.

5        On the date below, I served a copy of the foregoing document entitled:

6

### DEFENDANT WELLS FARGO'S NOTICE OF MOTION
### AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

7

8 on the interested parties in said case as follows:

9        *Served via the Court's CM/ECF System:*

10        Attorney for Plaintiff

11        James H. Vernon, Esq.

12        3223 Crow Canyon Road, Suite 330
P.O. Box 410

13        San Ramon, CA  94583
Tel:  (925) 806-0673

14        E-mail:  jvernonn@mindspring.com

15        I declare under penalty of perjury under the laws of the United States of America that the

16 foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena,

17 California on **November 1, 2013**.

18

Christine Daniel                */s/ Christine Daniel*

19   (Type or Print Name)          (Signature of Declarant)

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP