James H. Vernon SBN 41163
jvernonn@mindspring.com
Katherine Vernon Ryan SBN 193324
kateryanlaw@yahoo.com
LAW OFFICES OF JAMES H. VERNON
P.O. Box 410
3223 Crow Canyon Road, Suite 330
San Ramon, CA 94583
Telephone: (925) 806-0673

Attorneys for Plaintiff:
ALINE LOTHLEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALINE LOTHLEN<br><br>           Plaintiff,<br><br>      vs.<br><br>WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; WORLD SAVINGS BANK, FSB; CAL-WESTERN RECONVEYANCE and DOES 1-20, inclusive,<br><br>           Defendants. | Case No.: C-13-00922-SI<br><br>**OPPOSITION TO WELLS FARGO'S NOTICE OF MOTION TO DISMISS COMPLAINT**<br><br>**Hearing**<br>**Date:**  December 13, 2013<br>**Time:**  9:00 a.m.<br>**Ctrm:**  10, 19th Floor |

CASE NO. 3-13-CV-00922-SI

OPPOSITION TO WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES..................................................1
1.  INTRODUCTION.............................................................................................1
2.  SUMMARY OF THE CASE............................................................................. 1
3.  STANDARD FOR A MOTION TO DISMISS................................................2
4.  PLAINTIFF'S CLAIMS ARE NOT PREEMPTED BY THE HOME OWNER'S LOAN ACT.....................................................................................2
5.  PLAINTIFF IS NOT PRECLUDED FROM BRINGING THIS ACTION BY THE CLASS ACTION SETTLEMENT.................................3
6.  PLAINTIFF CAN STATE A CLAIM FOR WRONGFUL FORECLOSURE.............................................................................................4
7.  PLAINTIFF CAN STATE A CAUSE OF ACTION FOR FRAUD......4
8.  PLAINTIFF IS ENTITLED TO DECLARATORY RELIEF..................4
9.  PLAINTIFF CAN STATE A CLAIM FOR UNJUST ENRICHMENT................................................................................................5
10. PLAINTIFF IS ENTITLED TO AN ACCOUNTING................................5
11. PLAINTIFF CAN PLEAD A CAUSE OF ACTION FOR UNFAIR AND DECEPTIVE BUSINESS ACT PRACTICES..........................6
12. CONCLUSION..................................................................................................6

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007)..............................................................2

*Chabar v. United Omaha Life Ins. Co.*
    225 F.3d 1042 (9th Cir. 2000)..............................................6

*Dolores Mandrigues et al. v. World Savings Inc.*
    Case No. 5:07-CV-4407.........................................................3

*Great Plains Trust Co. v. Morgan Stanley Dean Witter*
    313 F.3d 305 (5th Cir 2002).................................................2

*Haines v. Kerner*
    404 U.S. 513 (1972)..............................................................7

*McNeary v. Calloway*
    863 F. Supp. 2d 963..............................................................5

*Reliable Consultants, Inc. v. Earle*
    517 F.3d 738 (5th Cir. 2008)................................................2

STATE CASES

*Mahry v. Superior Court*
    185 Cal. 4th 208 (2010).........................................................3

*Olszewski v. Scripp Health*
    30 Cal. App 4th 798 (2003)..................................................6

FEDERAL STATUTES

12 U.S.C. 1461...............................................................................2

28 U.S.C. 220(a).............................................................................4

STATE STATUTES

Cal. Bus. & Prof. Code 17200......................................................6

Cal. Civ. Code 2823.6...................................................................5


Cal. Civ. Code 2923.5..........................................................................................................3

**RULES**

Fed. R. Civ. P 12(b)............................................................................................................2

**REGULATIONS**

12 C.F.R. 560.2(c)(b).........................................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

Plaintiff ALINE LOTHLEN submits her opposition to defendant Wells Fargo's Motion to Dismiss Plaintiff's Complaint. The action, originally filed *in Pro per* in Alameda County Superior Court, has been removed to this Court. As of the date of this filing no discovery has been conducted by either party. To the extent that the Court may find the original pleadings deficient, Plaintiff requests an opportunity to amend her complaint.

### 2. SUMMARY OF THE CASE

The action arises from a loan made by Wells Fargo's predecessor, World Savings, in 2007. The loan is secured by an owner occupied home at 11321 Golf Links Road in Oakland, California. Plaintiff, a ninety year old widow, continues to reside in the home, where she has lived for more than forty years.

With help from her family, plaintiff was able to make payments until early 2012. When family resources were no longer available, plaintiff defaulted on the loan. Despite her best efforts, Wells Fargo failed to provide any relief or alternatives. Plaintiff filed this action in an attempt to stay in her home.

While the action has been pending in this Court, the parties have engaged in good faith negotiations. Unfortunately, a resolution has not been found at this time. Plaintiff will continue to cooperate in every way to try and settle this case.

**3. STANDARD FOR A MOTION TO DISMISS**

To defeat a motion to dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle,* 517 F.3d 738, 742 5th Cir. 2008); *Giudy v. American Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter,* 313 F.3d 305, 312 (5th Cir 2002). Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

**4. <u>PLAINTIFF'S CLAIMS ARE NOT PREEMPTED BY THE HOME OWNER'S LOAN ACT.</u>**

Defendant claims that the Home Owners' Loan Act of 1933, 1 U.S.C. 1461, et seq ("HOLA"), preempts the California non-judicial foreclosure statutory scheme, California Civil Code Section 2924, et seq.

There is a difference between laws governing the origination of a loan or processing of its payments and state laws governing the transfer and disposition of real property. See 12 C.F.R. 560.2(c)(2) (listing real property law as among those state laws not preempted); see also *Mahry v. Superior Court,* 185 Cal. App. 4th 208, 230 (2010) (noting that the "the process of foreclosure has traditionally been a matter of state real property law" and going on to conclude that HOLA does not preempt claims under California Civil Code Section 2923.5 governing borrower contact requirements prior to the Notice of Default).

If the conduct at issue is not the act of a federal savings association, HOLA should not be applied. The conduct of a successor to a federal savings association should be controlled by laws applicable to the successor. In this case, plaintiff Fargo Bank, acted for itself, not as successor to Worlds Savings Bank.

5. **PLAINTIFF IS NOT PRECLUDED FROM BRINGING THIS ACTION BY THE CLASS ACTION SETTLEMENT.**

Defendant asserts that plaintiff's claim is barred by the class action suit *Dolores Mandrigues et al v World Savings, Inc., et al* Case No. 5:07-cv-4407 because plaintiff was a member of the included class. The relief that plaintiff seeks is that

required by Wells Fargo under the judgment. Wells Fargo has refused to deal with plaintiff in good faith to renegotiate the loan in accordance with the settlement agreement.

6. **PLAINTIFF CAN STATE A CAUSE OF ACTION FOR FRAUD.**

Plaintiff's fraud claim does meet the pleading standards of Rule 9(b). Plaintiff alleges that defendant altered the terms of the note by assessing exorbitant fees and charges. Plaintiff alleges that she was not contacted prior to the filing of the Notice of Default as required by Civil Code 2923.5. These pleadings can be made more specific by amendment and will be the subject of discovery. The cause of action meets, or can meet the minimum pleading requirements,

7. **PLAINTIFF IS ENTITLED TO DECLARATORY RELIEF.**

Plaintiff seeks a judicial determination of her rights and duties as to the Note and Deed of Trust and Wells Fargo's rights to proceed with a non-judicial foreclosure on her residence. The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction…any court of the United States…may declare the rights and other relations of any interested party seeking such declaration." 28 U.S.C. 220(a).

Plaintiff contends that an actual controversy exists in regard to: (1) Whether Wells Fargo is the proper party to proceed with a non-judicial sale; (2) Whether plaintiff is

entitled to a modification of the loan, and on what terms; (3) Does California Civil Code 2823.6 apply to this transaction, and (4) Is Wells Fargo required to modify the loan as set forth in California Civil Code 2823.6(b)?

A judicial declaration is necessary and appropriate at this time to avoid damages and litigation that would necessarily arise after a foreclosure sale.

### 9. PLAINTIFF CAN STATE A CLAIM FOR UNJUST ENRIGHTMENT.

Claims for unjust enrichment may be stated as stand-alone claims when the claim is understood as one for restitution. *McNeary-Calloway,* 863 F.Supp.2d at 963-64.

A cause of action for unjust enrichment lies when one party has received and retained a benefit at the expense of another. Plaintiff maintains that her loan should have been adjusted pursuant to California Civil Code 2823.6 and *Mandrigues.* It would be unjust and inequitable to allow Wells Fargo to retain funds that rightfully should belong to plaintiff.

### 10. PLAINTIFF IS ENTITLED TO AN ACCOUNTING.

Plaintiff does not know how much is due on the loan or have the ability to calculate it. She does not know how the payments she has made have been applied. Without an accounting, plaintiff cannot prepare a tender or reasonably participate in modification discussion. Minimal effort would be required of

defendant to prepare an accounting. Under equitable principals, an accounting is reasonably requested.

## 11. PLAINTIFF CAN PLEAD FACTS SUFFICIENT TO SUPPORT A CAUSE OF ACTION FOR UNFAIR AND DECEPTIVE BUSINESS ACT PRACTICES.

Section 17200 of Cal. Bus. & Prof. Code incorporates other laws and treats violations of those laws as independently actionable under state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). A business practice may be "unfair or fraudulent in violation of [section 17200] even if the practice does not violate any law." *Olszewski v. Scripps Health,* 30 Cal. 4th 798, 827 (2003).

Plaintiff has alleged seven specific unfair practices and other general violations. As pleaded, the allegations may not have been pleaded with the particularity required by Rule 9(b). This can be corrected by amendment.

## 12. CONCLUSION.

Plaintiff was not represented by an attorney until this matter was removed to federal court. Plaintiff's Pro se complaint contained "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). To the extent that the court

determines that her pleadings do not state claims upon which relief can be granted, plaintiff requests that she be allowed to amend her pleadings.

DATED: November 15, 2013

                                  Respectfully submitted,

                                  LAW OFFICES OF JAMES H. VERNON

                                  By: /s/ James H. Vernon
                                        James H. Vernon
                                        jvernonn@mindspring.com
                                        Attorneys for Plaintiff
                                        Aline Lothlen