IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALINE LOTHLEN,

    Plaintiff,

  v.

WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; WORLD SAVINGS BANK, FSB; CAL-WESTERN RECONVEYANCE; and DOES 1-20, inclusive,

    Defendants.

      /

No. C 13-00922 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**

    The motion by defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") to dismiss plaintiff Aline Lothlen's complaint is scheduled for hearing on December 13, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS Wells Fargo's motion to dismiss with leave to amend. If plaintiff wishes to amend her complaint, she must do so by **December 23, 2013.**

///

///

///

# BACKGROUND

In May 2007, plaintiff obtained a loan from World Savings Bank, FSB in the amount of $784,000. Docket No. 1, Compl. ¶ 21; Docket No. 30, Request for Judicial Notice ("RJN") Ex. A.[1] The loan was secured by a deed of trust against real property located at 11321 Golf Links Road, Oakland, California 94605 (the "subject property"). Compl. ¶ 21; Docket No. 30, RJN Ex. B.

On December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB ("Wachovia"). Docket No. 30, RJN Exs. D-E. In November 2009, Wachovia changed its name to Wells Fargo Bank Southwest, N.A., before merging with Wells Fargo Bank, N.A. *Id.* Ex. F.

On October 27, 2012, a Notice of Default and Election to Sell Under Deed of Trust was recorded. Compl. ¶ 33; Docket No. 30, RJN Ex. B. On October 31, 2012, a Substitution of Trustee was recorded. Docket No. 30, RJN Ex. C. A trustee's sale on the subject property has not been noticed or completed.

On December 19, 2012, plaintiff filed a complaint in Alameda County Superior Court against defendants Wells Fargo, World Savings, Wachovia, and Cal-Western Reconveyance, alleging causes of action for: (1) wrongful foreclosure; (2) fraud; (3) declaratory relief; (4) quiet title; (5) unjust enrichment; (6) accounting; and (7) violations of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq.[2] Compl. ¶¶ 28-89. On February 28, 2013, Wells Fargo removed the action from state court to this court on the basis of diversity jurisdiction

---

[1] Along with its motion to dismiss, Wells Fargo filed a request for judicial notice. Docket No. 30. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Exhibits B-F and H-I attached to Wells Fargo's request because they are matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In addition, the Court may consider Exhibit A, the relevant loan agreement, because its authenticity is not contested and the plaintiff's complaint necessarily relies on it. *See id.* at 688. Plaintiff objects to the Court taking judicial notice of Exhibits H and I, the notice of default and the substitution of trustee, because the Court may not take judicial notice of the disputed factual matters stated in those documents. Docket No. 33 at 1-2. The Court only takes judicial notice of the existence of the notice of default and the substitution of trustee. The Court does not take judicial notice of the truth of the facts recited in the two documents. *See Lee*, 250 F.3d at 690. Therefore, the Court overrules plaintiff's objections.

[2] At the time the complaint was filed, plaintiff was proceeding *pro se.* She is now represented by counsel in this action. *See* Docket No. 11.

pursuant to 28 U.S.C. §§ 1332, 1441. Docket No. 1, Notice of Removal. By the present motion, Wells Fargo moves to dismiss all of the causes of action in plaintiff's complaint. Docket No. 29.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal, 556 U.S. at 678*. In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation

of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Defendant argues that plaintiff's entire action is preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 et seq., and the regulations promulgated pursuant to that statute by the Office of Thrift Supervision ("OTS"). HOLA was enacted in 1933 to regulate federally charted savings associations. It was a "'radical and comprehensive response to the inadequacies of the existing state system,' and [is] 'so pervasive as to leave no room for state regulatory control.'" *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-05 (9th Cir. 2008) (citing *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1257, 1260 (9th Cir. 1979)). Plaintiff's loan originated with World Savings, a federal savings bank. *See* Docket No. 30, RJN Ex. A. Numerous courts have held that HOLA applies to Wells Fargo as the successor to World Savings and Wachovia.[3] *See Castillo v. Wachovia Mortg.*, 2012 U.S. Dist. LEXIS 50926, at *11-12 (N.D. Cal. Apr. 11, 2012) (collecting cases).

Pursuant to 12 U.S.C. § 1464, the OTS issued 12 C.F.R. § 560.2, which provides that certain types of state laws are preempted by HOLA. Paragraph (b) of § 560.2 provides a non-exhaustive list of such laws, including state laws that purport to impose requirements regarding "processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages[.]" 12 C.F.R. § 560.2(b)(10).

A state law of general applicability may also be preempted by HOLA "as applied":

---

[3] Plaintiff argues that HOLA does not apply to her claims because the conduct at issue was performed by Wells Fargo, which is not a federal savings bank. Docket No. 32, Pl.'s Opp'n at 3. However, claims regarding foreclosures occurring after Wells Fargo's merger with Wachovia are still generally covered by HOLA so long as the loan itself originated pre-merger. *Castillo*, 2012 U.S. Dist. LEXIS 50926, at *13-14; *see also DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) ("Wells Fargo notes that at the time the loan was made to the DeLeons, 'World Savings Bank, FSB was a federally chartered savings bank organized and operating under HOLA' and observes correctly that the same preemption analysis would apply to any alleged conduct after November 1, 2009, when the lender merged into a national banking association.").

> [T]he first step will be to determine whether the type of law in question is listed in paragraph (b) [of 12 C.F.R. § 560.2]. If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

*Silvas*, 514 F.3d at 1004-06 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)).

Wells Fargo argues that all of plaintiff's causes of action are preempted under paragraph (b)(10) because the allegations in support of these claims solely relate to the processing and servicing of plaintiff's mortgage. Docket No. 29 at 5. In the complaint, plaintiff challenges the foreclosure proceedings on several grounds. The Court concludes that all of these grounds are preempted by HOLA.

First, plaintiff alleges that the foreclosure is improper because Wells Fargo wrongfully securitized the loan and there was no valid assignment of the subject loan to Wells Fargo. Compl. ¶¶ 25, 32, 34, 38-39, 43, 52, 55-56, 75. Numerous district courts in this circuit "have previously determined that HOLA preempts claims based on the proposition that a lender wrongfully securitized a loan and that it may not foreclose because it does not 'hold the note.'" *Thomas v. Deutsche Bank Nat. Trust*, 2012 U.S. Dist. LEXIS 63871, at *8-9 (N.D. Cal. May 7, 2012); *see also Hague v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 140122, at *11 (N.D. Cal. Dec. 6, 2011) ("The wrongful foreclosure action is based on allegations regarding note ownership, securitization, and substitution of trustee, all defects in the foreclosure procedure used by Defendant and therefore within the ambit of HOLA preemption."); *Caovilla v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 70143, at *19 (N.D. Cal. May 16, 2013) (finding plaintiff's claim that Wells Fargo failed to prove its authority to foreclose on the property preempted by HOLA).

Second, plaintiff alleges that the defendants violated California Civil Code sections 2923.5, 2923.6,[4] and 2932.5. Compl. ¶¶ 33, 35-37, 43, 53-54, 57-64. District courts in California have held that

---

[4] At times in her complaint and in her opposition, plaintiff refers to California Civil Code § 2823.6. *See, e.g.*, Compl. ¶¶ 58-59. However, this appears to be a typographical error because there is no section 2823.6. *See Intengan v. BAC Home Loans Servicing LP*, 214 Cal. App. 4th 1047, 1055-56

5

HOLA preempts claims for violations of sections 2923.5, 2923.6, and 2932.5.[5] *See Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1073 (C.D. Cal. 2010) (collecting cases holding that § 2923.5 is preempted by HOLA); *Sato v. Wachovia Mortg., FSB*, 2011 U.S. Dist. LEXIS 75418, at *20 (N.D. Cal. Jul. 13, 2011) (holding that § 2923.6 is preempted by HOLA); *Ahmed v. Wells Fargo Bank & Co.*, 2011 U.S. Dist. LEXIS 49526, at *9-11 (holding that § 2932.5 is preempted by HOLA).

Finally, plaintiff alleges that the defendants improperly assessed exorbitant fees and charges, failed to properly apply her loan payments, and obfuscated or misrepresented the loan's interest rate increases and later steep monthly payments. Compl. ¶¶ 26, 43, 79, 85. District courts in California have also found these claims preempted by HOLA. *See Frias v. Wells Fargo Bank*, 2013 U.S. Dist. LEXIS 24148, at *15-16 (N.D. Cal. Feb. 21, 2013) (finding plaintiff's claim that she incurred improper fees and charges preempted by 12 C.F.R. § 560.2(b)(5) and plaintiff's claim based on inadequate disclosures preempted by 12 C.F.R. § 560.2(b)(9)); *Joseph v. Wachovia Mortg. Corp.*, 2011 U.S. Dist. LEXIS 133558, at *14 (N.D. Cal. Nov. 18, 2011) (finding plaintiff's claim that defendant failed to accurately credit loan payments to their account and then demanded excessive charges and fees preempted by 12 C.F.R. §§ 560.2(b)(4), (b)(5), and (b)(10)); *Ortiz v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 58243, at *12 (N.D. Cal. May 27, 2011) ("state law fraud claims based on allegations that loan terms were not adequately explained or disclosed are subject to HOLA preemption"); *see also Silvas*, 514 F.3d at 1006 ("In addition, Appellants' claim under UCL § 17200 alleges that the lock-in fee itself is unlawful. That allegation triggers a separate section of paragraph (b). Section 560.2(b)(5) specifically preempts state laws purporting to impose requirements on loan related fees.").

The Court finds the reasoning in the above cases persuasive and holds that all of plaintiff's claims are preempted by HOLA. In her opposition, plaintiff argues that HOLA does not preempt state

---

(2013) (stating that there is no section 2823.6 and construing plaintiff's allegations regarding section 2823.6 as referring to section 2923.6).

[5] In addition, plaintiff's claim for violation of § 2932.5 fails because that section applies only to a mortgage and not a deed of trust. *See Calvo v. HSBC Bank USA N.A.*, 199 Cal. App. 4th 118, 122 (2011); *see also Mena v. JP Morgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 128585, at *23 (N.D. Cal. Sept. 7, 2012) ("Section 2932.5 thus does not serve as a basis to challenge the transfers by WaMu based on a failure to record.").

real property laws. Pl.'s Opp'n at 3 (citing 12 C.F.R § 560.2(c)(2)). Plaintiff is only partial correct. Although HOLA does not *per se* preempt state real property laws, "'[e]ven state laws of general applicability, such as tort, contract, and real property laws, are preempted if their enforcement would impact thrifts in areas listed in § 560.2(b).'" *Rieger v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 103032, at *9 (N.D. Cal. Jul. 23, 2013) (citing *Silvas*, 514 F.3d at 1006). Thus, the fact that some of plaintiff's claims may be based on real property law does not preclude HOLA preemption. *See id.*

Accordingly, Wells Fargo's motion to dismiss based on preemption by HOLA is GRANTED as to plaintiff's claims for wrongful foreclosure, fraud, declaratory relief, quiet title, unjust enrichment, accounting, and violation of the UCL.[6] The Court will GRANT plaintiff leave to amend if plaintiff wishes to allege state law claims that are not based on the theories of wrongful foreclosure articulated in the complaint and plaintiff's opposition.

## CONCLUSION

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss the complaint and GRANTS plaintiff leave to amend the complaint. Docket No. 29. Should plaintiff choose to file an amended complaint, it shall be consistent with the terms of this order and must be filed on or before **December 23, 2013**.

**IT IS SO ORDERED.**

Dated: November 26, 2013

SUSAN ILLSTON
United States District Judge

---

[6] Because the Court dismisses plaintiff's claims as preempted by HOLA, the Court need not address the other grounds for dismissal asserted by Wells Fargo in its motion to dismiss.

7