1   Robert A. Bailey (#214688)
      rbailey@afrct.com
2   E. Christine Hehir (#201969)
      chehir@afrct.com
3   ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
4   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
5   Telephone:  (626) 535-1900
    Facsimile:   (626) 577-7764
6
7   Attorneys for Defendant WELLS FARGO
    BANK, N.A., successor by merger with
    Wells Fargo Bank Southwest, N.A. formerly
8   known as WACHOVIA MORTGAGE, FSB
    formerly known as WORLD SAVINGS
9   BANK, FSB ("Wells Fargo")

10                  UNITED STATES DISTRICT COURT

11       NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

12

13   ALINE LOTHLEN                        CASE NO.:  3:13-CV-00922-SI

14              Plaintiff,                 [*The Honorable Susan Illston*]

15                                         **DEFENDANT WELLS FARGO'S NOTICE
                                           OF MOTION AND MOTION TO DISMISS
16        vs.                              PLAINTIFF'S FIRST AMENDED
                                           COMPLAINT; MEMORANDUM OF
17                                         POINTS AND AUTHORITIES**
     WELLS FARGO BANK, NA; WACHOVIA
18   MORTGAGE FSB; WORLD SAVINGS
     BANK FSB; CAL-WESTERN
19   RECONVEYANCE and DOES 1-20,          **Hearing**
     inclusive,                           Date:        **March 14, 2014**
20                                         Time:        **9:00 a.m.**
              Defendants.                  Ctrm:        **10, 19th Floor**
21

22

23

24   **TO PLAINTIFF AND HER COUNSEL OF RECORD HEREIN:**

25          **PLEASE TAKE NOTICE that** on **March 14, 2014,** at **9:00 a.m.** in **Courtroom 10** of

26   the above-entitled Court located at 450 Golden Gate Avenue, 19th Floor, San Francisco,

27   California, 94102, defendant WELLS FARGO BANK, N.A., successor by merger with Wells

28   Fargo Bank Southwest, N.A. formerly known as WACHOVIA MORTGAGE, FSB formerly

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   known as WORLD SAVINGS BANK, FSB ("Wells Fargo") will move to dismiss each of the

2   claims in the First Amended Complaint of Plaintiff Aline Lothlen ("Plaintiff ").

3       Grounds for the motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b),

4   are that the claims fail to state facts sufficient to state a claim.

5       The motion is based on this notice, the memorandum of points and authorities, the

6   complaint, the request for judicial notice, the court file, the pleadings, and on defendant's

7   argument at the hearing on the motion, if any.

8                                       Respectfully submitted,

9   Dated:  January 31, 2014              ANGLIN, FLEWELLING, RASMUSSEN,
                                        CAMPBELL & TRYTTEN LLP

10

11                             By:    /s/ E. Christine Hehir

12                                   E.Christine Hehir
                                chehir@afrct.com

13                               Attorneys for Defendant WELLS FARGO BANK,
                            N.A., successor by merger with Wells Fargo Bank

14                               Southwest, N.A. formerly known as WACHOVIA
                            MORTGAGE, FSB formerly known as WORLD

15                               SAVINGS BANK, FSB ("Wells Fargo")

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................1

1.   INTRODUCTION ...................................................................................................................1

2.   SUMMARY OF THE CASE AND JUDICIALLY NOTICEABLE
     DOCUMENTS.........................................................................................................................1

     A.   The Loan and 2012 Default .........................................................................................1

     B.   The Pleadings...............................................................................................................2

3.   THE ENTIRE FAC LACKS SUFFICIENT FACTS TO SHOW PLAINTIFF IS
     ENTITLED TO RELIEF AND THUS FAILS UNDER RULE 8 .........................................3

4.   PLAINTIFF FAILS TO STATE ANY CLAIM FOR BREACH OF CONTRACT ...........5

     A.   Plaintiff Fails To Plead Any Agreement For A Modification ..................................5

          i.    The Written Loan Agreements Do Not Include Any Obligation To
                Modify The Loan .............................................................................................5

          ii.   Plaintiff Cannot Plead An Enforceable Oral Agreement To Modify
                The Loan ...........................................................................................................6

          iii.  Plaintiff Does Not Have A Right To A Loan Modification Under
                Any Law............................................................................................................7

     B.   Plaintiff Cannot Premise This Claim On An Alleged Failure To Mail And
          Post The Foreclosure Notices Pursuant To Civil Code § 2924 Et Seq...................7

5.   PLAINTIFF'S NEGLIGENCE CLAIM IS WITHOUT LEGAL MERIT AS SHE
     CANNOT ESTABLISH THAT WELLS FARGO OWED HER A DUTY OF
     CARE .....................................................................................................................................10

6.   PLAINTIFF'S NEGLIGENT MISREPRESENTATION IS FATALLY FLAWED........12

     A.   Plaintiff Fails To Plead The Elements Of The Claim .............................................12

     B.   The Negligent Misrepresentation Claim Fails Because It Is Based On A
          Promise As To A Future Event...................................................................................14

7.   PLAINTIFF CANNOT STATE A CLAIM FOR BREACH OF THE IMPLIED
     COVENANT OF GOOD FAITH AND FAIR DEALING..................................................14

     A.   Plaintiff Fails To Plead Her Performance ...............................................................15

     B.   Plaintiff Fails To Allege Any Language In The Note Or Deed Of Trust
          Entitling Her To Relief For This Claim....................................................................16

          i.    The Agreements Do Not Entitle Plaintiff To A Loan Modification..........16

ii.    Plaintiff Cannot Base This Claim On Extra Contractual Statutory
Obligations .................................................................................................16

8.    PLAINTIFF'S CLAIM FOR VIOLATION OF CIVIL CODE § 2923.5 HAS
ALREADY BEEN DISMISSED WITHOUT LEAVE TO AMEND .............................17

9.    PLAINTIFF'S SIXTH CLAIM FOR PROMISSORY ESTOPPEL FAILS ...................18

A.    Plaintiff Cannot Establish A Claim Based On A Purported Agreement
Between Wells Fargo And The California Attorney General...............................18

B.    Plaintiff Fails to Plead a Clear and Unambiguous Promise....................................19

10.   CONCLUSION.............................................................................................................21

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

## **TABLE OF AUTHORITIES**

2                                                                                                          **Page(s)**

3      **FEDERAL CASES**

4      *Argueta v. J.P. Morgan Chase,*
         2011 U.S. Dist. LEXIS 70756 (E.D. Cal. June 30, 2011)......................................11

5      *Armstrong v. Chevy Chase Bank, FSB,*
6        2012 U.S. Dist. LEXIS 144125 (N.D. Cal. Oct. 3, 2012)....................................11

7      *Ashcroft v. Iqbal,*
         556 U.S. 662 (U.S. 2009).......................................................................................4
8
       *Cabanilla v. Wachovia Mortg.,*
9        2012 U.S. Dist. LEXIS 39270 (C.D. Cal. Mar. 20, 2012)....................................20

10     *Collins v. Power Default Services, Inc.,*
11       2010 U.S. Dist. LEXIS 3361(N.D. Cal. Jan. 14, 2010)........................................9

12     *County of Santa Clara v. Astra USA, Inc.*
         588 F. 3d 1237 (9th Cir. 2009) ...........................................................................19
13
       *DeLeon v. Wells Fargo Bank, N.A.,*
14       2010 U.S. Dist. LEXIS 112941 (N.D. Cal. Oct. 22, 2010)..................................11

15     *Deschaine v. IndyMac Mortg. Servs.,*
16       2013 U.S. Dist. LEXIS 163203 (E.D. Cal. Nov. 15, 2013)..................................10

17     *Ditto v. McCurdy,*
         520 F. 3d 1070 (9th Cir. 2007) ...........................................................................12
18
       *Dooms v. Fed. Home Loan Mortg. Corp.,*
19       2011 U.S. Dist. LEXIS 38550 (E.D. Cal. Mar. 30, 2011) ..................................12

20     *Escobedo v. Countrywide Home Loans, Inc.,*
21       2009 U.S. Dist. LEXIS 117017 (S.D. Cal. Dec. 15, 2009)..................................19

22     *Glen Holly Entertainment, Inc. v. Tektronix, Inc.,*
         100 F. Supp. 2d 1086 (C.D. Cal. 1999) ..............................................................13
23
       *Gonzales v. Wells Fargo Bank, N.A.,*
24       2012 U.S. Dist. LEXIS 154851 (N.D. Cal. Oct. 29, 2012)..................................11

25     *Hoffman v. Bank of America, N.A.,*
         2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010)....................................7
26
       *Mlejnecky v. Olympus Imaging Am., Inc.,*
27       2011 U.S. Dist. LEXIS 42333 (E.D. Cal. Apr. 18, 2011)....................................13

28

*Moore v. Kayport Package Express, Inc.*,
　　885 F.2d 531 (9th Cir. 1989) ...................................................................................13

*Nastrom v. JPMorgan Chase Bank, N.A.*,
　　2012 U.S. Dist. LEXIS 162958 (E.D. Cal. Nov. 13, 2012) .........................................6

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
　　732 F. Supp. 2d 952 (N.D. Cal. 2010) .......................................................................9

*Schreiber Distrib. Co. v. ServWell Furniture Co.*,
　　806 F.2d 1393 (9th Cir.1986) ...................................................................................13

*Villa v. Wells Fargo Bank, N.A.*,
　　2010 U.S. Dist. LEXIS 23741 (S.D. Cal., Mar. 15, 2010) ....................................7, 19

**STATE CASES**

*Aas v. Superior Court*,
　　24 Cal. 4th 627 (2000) .............................................................................................19

*Alliance Mortg. Co. v. Rothwell*,
　　19 Cal. App. 4th 1226 (1995) ...................................................................................14

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
　　7 Cal. 4th 503 (1994) ...............................................................................................19

*Bank of America v. Lamb Finance Co.*,
　　179 Cal. App. 2d 498 (1960) ......................................................................................6

*Bank of America v. Pendergrass*,
　　4 Cal. 2d 258 (1935) ..................................................................................................6

*Bustamante v. Intuit, Inc.*,
　　141 Cal. App. 4th 199 (2006) ...................................................................................20

*Careau & Co. v. Security Pac. Bus. Credit, Inc.*,
　　222 Cal. App. 3d 1371 (1990) ...............................................................................5, 18

*Carma Developers, Inc. v. Marathon Development Calif., Inc.*,
　　2 Cal. 4th 342 (1992) ...............................................................................................15

*Cicone v. URS Corp.*,
　　183 Cal. App. 3d 194 (1986) ....................................................................................12

*Dunn-Edwards Corp. v. Bay Area Air Quality Management Dist.*,
　　9 Cal. App. 4th 644 (1992) .........................................................................................8

*Durell v. Sharp Healthcare*,
　　183 Cal. App. 4th 1350 (2010) .................................................................................15

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Eddy v. Sharp,*
   199 Cal. App. 3d 858 (1988) ..................................................................................10

*Gilmore v. Lycoming Fire Ins. Co.*
   55 Cal. 123 (1880) ...................................................................................................5

*Gomes v. Countrywide Home Loans, Inc.,*
   192 Cal. App. 4th 1149 (2011) ................................................................................8

*Homestead Sav. v. Darmiento,*
   230 Cal. App. 3d 424 (1991) ...................................................................................8

*Jolley v. Chase Home Finance, LLC,*
   213 Cal. App. 4th 872 (2013) ................................................................................10

*Laks v. Coast Fed. Sav. & Loan Ass'n,*
   60 Cal. App. 3d 885 (1976) ............................................................................18, 19

*LiMandri v. Judkins,*
   52 Cal. App. 4th 326 (1997) ...........................................................................10, 12

*Mabry v. Superior Court,*
   185 Cal. App. 4th 208 (2010) ...........................................................................7, 18

*Mendoza v. City of Los Angeles,*
   66 Cal. App. 4th 1333 (1998) ................................................................................10

*Moeller v. Lien,*
   25 Cal. App. 4th 822 (1994) ....................................................................................8

*Munger v. Moore,*
   11 Cal. App. 3d 1 (1970) .........................................................................................9

*Newmark v. H & H Products Mfg. Co.,*
   128 Cal. App. 2d 35 (1954) .....................................................................................7

*Nymark v. Heart Fed. Savs. & Loan Ass'n,*
   231 Cal. App. 3d 1089 (1991) ..........................................................................10, 11

*Performance Plastering v. Richmond American Homes of California, Inc.,*
   153 Cal. App. 4th 659 (2007) ..................................................................................5

*Perlas v. GMAC Mortgage, LLC,*
   187 Cal. App. 4th 429 (2010) ..........................................................................10, 11

*Racine & Laramie, Ltd. v. Dep't of Parks & Rec.,*
   11 Cal. App. 4th 1026 (1993) ................................................................................16

*Secrest v. Security Nat'l Mortg. Loan Trust,*
   167 Cal. App. 4th 544 (2008) ..................................................................................6

*Small v. Fritz Companies, Inc.*,
   30 Cal. 4th 167 (2003) ................................................................. 12

*Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.*,
   49 Cal. App. 4th 472 (1996) ......................................................... 10

*Stansfield v. Starkey*,
   220 Cal. App. 3d 59 (1990) .......................................................... 12

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
   2 Cal. App. 4th 153 (1991) ........................................................... 14

*Wilhelm v. Pray, Price, Williams & Russell*,
   186 Cal. App. 3d 1324 (1986) ................................................ 12, 14

**FEDERAL STATUTES**

12 U.S.C. § 1461, et seq. .................................................... 1, 3, 17

**STATE STATUTES**

Cal. Civ. Code 2924, et seq. ....................................................... 8, 17

Cal. Civ. Code § 1624 ...................................................................... 6

Cal. Civ. Code § 1624(a)(6) ........................................................... 6

Cal. Civ. Code § 1698 ...................................................................... 6

Cal. Civ. Code § 2922 ...................................................................... 6

Cal. Civ. Code § 2923.5 .......................................................... passim

Cal. Civ. Code § 2923.6 .............................................................. 1, 2

Cal. Civ. Code § 2924(a)(1) ........................................................... 9

Cal. Civ. Code § 2924, et seq. ................................................. passim

Cal. Civ. Code § 2924e ............................................................... 7, 8

Cal. Civ. Code § 2924g .................................................................. 18

**RULES**

Fed. R. Civ. P. 8 ........................................................................... 3, 4

Fed. R. Civ. P. 9(b) ........................................................................ 13

Fed. R. Civ. P. 12(b)(6) .................................................................. 3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**OTHER AUTHORITIES**

Rest.2d Contracts § 302 (1979) .................................................................................................19

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION

This action arises from a refinance loan made by Wells Fargo's predecessor, World Savings Bank, to Plaintiff in 2007, which is secured by a deed of trust to real property.  Plaintiff admits she defaulted on the loan in April 2012, and Wells Fargo has initiated foreclosure with the recording of a Notice of Default.  The foreclosure has not, however, been completed.

This Court dismissed Plaintiff's original complaint which alleged Wells Fargo was not the beneficiary under the deed of trust to initiate the non-judicial foreclosure due to faulty securitization, failure to assign the deed of trust, and note ownership claims, Wells Fargo failed to comply with California Civil Code § 2923.5 when it recorded the notice of default and Wells Fargo failed to modify the loan as required by Civil Code §2923.6.  Plaintiff amends her complaint to allege new claims challenging the foreclosure.  Plaintiff alleges Wells Fargo failed to modify the loan, but asserts Wells Fargo was obligated to modify the loan under an agreement or because of unspecified representations.  Plaintiff also alleges Wells Fargo violated unspecified foreclosure statutes in failing to comply with notice, posting, and mailing requirements, and, again, violated former California Civil Code § 2923.5 in failing to contact her before recording the notice of default and because the declaration attached to the notice of default is "robo-signed" and therefore void.

As discussed in more detail below, the amended complaint should be dismissed.  Plaintiff again fails to plead facts sufficient to state a claim and fails to allege tender of her outstanding debt for equitable relief.  Moreover, the claim for a violation of California Civil Code §2923.5 has already been dismissed by this Court as it is preempted by the Home Owner's Loan Act ("HOLA").  Plaintiff's action should be dismissed without leave to amend.

### 2.   SUMMARY OF THE CASE AND JUDICIALLY NOTICEABLE DOCUMENTS

**A.    The Loan and 2012 Default**

On or about May 2007, Plaintiff obtained a refinance loan from Wells Fargo's predecessor, World Savings Bank, FSB, in the amount of $784,000.00, secured by a deed of trust against real property commonly described as 11321 Golf Links Rd., Oakland, California  94605-

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

5717 (the "Property").  (*See* First Amended Complaint ("FAC")[1] ¶¶1, 11; Attached to the Request for Judicial Notice ("RJN") as Exhibit A is a true and correct copy of the promissory note; attached as Exhibit B is a true and correct copy of the entire deed of trust, recorded with the Alameda County Recorder's Office).

In January 2008, World Savings Bank, FSB ("World Savings") was renamed as Wachovia Mortgage, FSB ("Wachovia").  Wachovia was then merged into Wells Fargo Bank, N.A. ("Wells Fargo") in November 2009.  (RJN Exhs. C, D, E, and F are true and correct copies of documents issued by the U.S. Treasury Department's Office of Thrift Supervision and Office of the Comptroller of the Currency that acknowledge the World Savings federal savings bank charter, approve the name changes and authorize the merger; RJN Exh. G. is a copy of a page from the FDIC website showing the history and profile of World Savings Bank, FSB).

Plaintiff has been in default on this loan since April 2012, and as such, on October 31, 2012, a Notice of Default and Election to Sell was served and recorded against the Property. (*See* ¶34; Attached to the RJN as Exhibit H is the Notice of Default recorded with the Alameda County Recorder).  According to the Notice of Default, Plaintiff was in arrears in the amount of $19,548.18 as of October 27, 2012.  (*Id.*).  A substitution of trustee, substituting Cal-Western Reconveyance Corporation ("Cal-Western") as the trustee under the deed of trust was also recorded on October 31, 2012.  (Attached to the RJN as Exhibit I is a true and correct copy of the Substitution of Trustee, recorded with the Alameda County Recorder).  A second substitution was recorded, substituting Cal-Western Reconveyance LLC as the trustee under the deed of trust. (RJN Exh. J).  A trustee sale has not been completed or alleged to have been completed.  (*See* FAC).

**B.     The Pleadings**

Plaintiff's original complaint primarily alleged Wells Fargo was not the beneficiary with standing to initiate the foreclosure due to securitization or failure to assign the deed of trust, Wells Fargo failed to modify the loan as purportedly required by California Civil Code § 2923.6,

---

[1] All further references to the paragraphs in the First Amended Complaint are to the paragraph number only unless otherwise indicated. (E.g., "¶X").

and Wells Fargo failed to disclose the terms of the note at the origination of the loan.  Plaintiff also alleged, as she does so again here, that Wells Fargo violated former Civil Code § 2923.5 when it recorded the Notice of Default.  (See Document No. 1, Exh. A [Complaint ("Compl.")]). This Court found all claims preempted by HOLA.  The Court granted Plaintiff leave to amend her complaint to allege "state law claims that are not based on the theories of wrongful foreclosure articulated in the complaint".  (*See* Document No. 35 at 7 ("Order")).

In the amended complaint, Plaintiff's claims are premised on three main theories of wrongdoing.  First, Plaintiff alleges Wells Fargo failed to modify the loan despite either an unspecified promise, or legal obligation, to do so.  Second, Plaintiff generically alleges Wells Fargo did not comply with the non-judicial foreclosure statutes in the notice, posting, and mailing of foreclosure related notices and in failing to discuss modification of the loan.  On these two theories of relief, Plaintiff premises her claims for breach of contract (¶15), negligence (¶20), negligent misrepresentation (¶23), implied covenant (¶30), and promissory estoppel (¶¶39 [39a], 39 [39b]).

Plaintiff's third theory of relief is a repeat of her claim in the original complaint that alleges Wells Fargo failed to comply with the statutory requirements of former Civil Code § 2923.5 when the Notice of Default was recorded.  (*See* ¶¶33-36).  Plaintiff alleges the Notice of Default is void because Wells Fargo failed to contact her to discuss alternatives to foreclosure and because the declaration attached to the Notice of Default was "robo-signed".  This Court has already held that this claim is preempted by HOLA.

As briefed below, not a single claim in the FAC has merit.

**3.  <u>THE ENTIRE FAC LACKS SUFFICIENT FACTS TO SHOW PLAINTIFF IS ENTITLED TO RELIEF AND THUS FAILS UNDER RULE 8</u>**

The United States Supreme Court recently addressed the detail needed to state a claim under Federal Rule of Civil Procedure 8 such that a claim can withstand a motion to dismiss under Rule 12(b)(6).  The Court noted:

> [T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.

> [citation]. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' [citation]. Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'

*Ashcroft v. Iqbal*, 556 U.S. 662, 670 (U.S. 2009). In order to survive a motion to dismiss under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Id.*

The FAC falls far short of this standard. The focus of the FAC seems to be alleged representations that Wells Fargo promised, or was legally obligated, to provide a loan modification. Plaintiff fails to identify who made this alleged representation, when it was made, and to whom it was made or under what legal obligation Wells Fargo was required to provide a loan modification. Moreover, she fails to state when any of these agreements or representations were made. In fact, to demonstrate how unclear this claim is, at one point she alleges that

> at the time the loan was made [Nov. 2007], and after Defendant Wells Fargo Bank, N.A. acquired the loan [Nov. 2009], Plaintiff was told that the interest rate and other terms of the loan *could* be modified at her request at a later date to accommodate her financial circumstances.

(¶12). This is certainly not a promise of a loan modification, nor does it support any claim that Wells Fargo is obligation to provide a modification at some undefined time in the future depending on Plaintiff's financial circumstances. Moreover, the terms of any alleged representations concerning a modification are less than clear; she only states the interest rate and other terms could be modified. She does not provide a single fact in support of her claims.

To the extent her claims are based on an unspecified agreement between the California Attorney General and Wells Fargo (*see* ¶39), Plaintiff fails to identify the terms of the agreement, that she is a party to that agreement or the specific terms of that alleged agreement that were purportedly breached.

Given the paucity of facts offered to support the claims, the FAC is "devoid of [the] further factual enhancement" necessary to show the "pleader is entitled to relief" under Rule 8.

/ / /

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**4.**     **PLAINTIFF FAILS TO STATE ANY CLAIM FOR BREACH OF CONTRACT**

Plaintiff alleges Wells Fargo breached an unspecified agreement by "failing and refusing" to modify the terms of the loan agreement and by "failing to comply with the notice, posting and other statutory provisions of Civil Code §2924 et seq. in proceeding with the foreclosure." (¶15). Plaintiff fails to state a claim under either theory.

The elements for breach of contract are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. *Careau & Co. v. Security Pac. Bus. Credit, Inc.,* 222 Cal. App. 3d 1371, 1388 (1990). Moreover, to plead the existence of a contract, a plaintiff must attach the contract to the complaint or plead its terms and conditions. *Gilmore v. Lycoming Fire Ins. Co.* 55 Cal. 123, 124 (1880) (*Gilmore* remains sound authority to this day. *See Performance Plastering v. Richmond American Homes of California, Inc.,* 153 Cal. App. 4th 659, 672 (2007)).

**A.**     **Plaintiff Fails To Plead Any Agreement For A Modification**

**i.**     **The Written Loan Agreements Do Not Include Any Obligation To Modify The Loan**

While Plaintiff alleges Wells Fargo breached an agreement to modify her loan, she does not identify a specific written or oral agreement Wells Fargo is alleged to have breached, nor does she attach a written contract or plead any terms of the alleged agreement, whether written or oral. Instead, she vaguely states "Defendants breached the agreement". (¶15; *see also* ¶12). Presumably she refers to the note and deed of trust, as she generically alleges she has performed in accordance with the "loan agreement and deed of trust", except those (unspecified) terms for which performance was excused or waived. (*See* ¶14). Yet assuming these documents are the source of claim, she fails to point to any term in either contract which requires Wells Fargo to modify her loan. Indeed, a review of both agreements contradict Plaintiff's assertion. There is no requirement that Wells Fargo modify the loan. (*See* RJN Exhs. A, B).

Additionally, Plaintiff cannot establish her own compliance under the note or deed of trust. While she alleges she either performed or was excused from performance (¶14), the Notice of Default reflects that she was in breach for failure to make payments and she does not plead

1  any facts showing she was excused from performance. Moreover, in her verified complaint, she

2  admits she was in default on the loan. (*See* Compl. ¶¶34, 80).

3  **ii.** **Plaintiff Cannot Plead An Enforceable Oral Agreement To Modify The Loan**

4  To the extent the breach of contract claim is based on any alleged oral agreement to

5  modify the loan at a future date (*see* ¶12), Plaintiff cannot state a claim for breach of an oral

6  agreement.

7  First, any such claim of an oral agreement to modify the loan is barred by the statute of

8  frauds and runs afoul of the parol evidence rule. *See* Cal. Civ. Code § 1624. An agreement that

9  "substitute[s] a new monthly payment for the monthly payment required under the note" or

10 "alters the lender's ability to exercise a right of foreclosure under the note or deed of trust due to

11 the borrower's default" is "subject to the statute of frauds." *Secrest v. Security Nat'l Mortg.*

12 *Loan Trust*, 167 Cal. App. 4th 544, 553 (2008) (citing Civil Code § 1624(a)(6) and cases in and

13 out of California holding same). "Absent a written agreement to modify the loan, any claim

14 based upon an oral contract to modify the loan is barred by the statute of frauds." *Nastrom v.*

15 *JPMorgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 162958, at *19-*20 (E.D. Cal. Nov. 13,

16 2012) (citing *Secrest*, 167 Cal. App. 4th at 552).

17 Consistent with the statute of frauds, the Deed of Trust in this case provides that it "may

18 be modified or amended only by an agreement in writing signed by Borrower and Lender."

19 (RJN Exh. B, at p. 10, ¶23); *see also* Cal. Civ. Code § 1698 (contract in writing may only be

20 modified by another contract in writing). Underscoring the importance that the creation or

21 modification of any mortgage agreement be in writing, a separate statute mandates that "a

22 mortgage can be created, renewed or extended only by writing, executed with the formalities

23 required in the case of a grant of real property." Cal. Civ. Code § 2922. Thus, Plaintiff cannot

24 alter the plain terms of the loan by alleging that she was promised something else in an oral

25 agreement. "[I]f the false promise relates to the matter covered by the main agreement and

26 contradicts or varies the terms thereof, any evidence of the false promise directly violates the

27 parol evidence rule and is inadmissible." *Bank of America v. Lamb Finance Co.*, 179 Cal. App.

28 2d 498, 502 (1960); *see also Bank of America v. Pendergrass*, 4 Cal. 2d 258, 263 (1935). This

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

rule also bars claims based on pre-contract promises at odds with the express terms of the

contract. *Newmark v. H & H Products Mfg. Co.*, 128 Cal. App. 2d 35, 37-38 (1954).

Hence, Plaintiff's claim that she was promised that she could modify the loan depending

on her financial circumstances cannot form the basis for a claim for breach of contract.  Quite

simply, she fails to allege the existence of an enforceable contract.  Moreover, she fails to allege

any terms of this oral agreement.  Indeed, at best she pleads a future promise of the possibility to

modify the loan.  This claim fails.

### iii.     Plaintiff Does Not Have A Right To A Loan Modification Under Any Law

Finally, despite her apparent belief, Plaintiff has no right to a loan modification under any

codified laws.  *See Mabry v. Superior Court,* 185 Cal. App. 4th 208, 222-23, 231 (2010) (holding

that there is no right to a loan modification under Civil Code §§ 2923.5 or 2923.6; "As

mentioned above, there is no right, for example, under [Civil Code Section 2923.5], to a loan

modification."); *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455, *15 (N.D.

Cal. June 30, 2010) ("lenders are not required to make loan modifications for borrowers that

qualify under HAMP nor does the servicer's agreement confer an enforceable right on the

borrower"); *Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, *6-7 (S.D. Cal.,

Mar. 15, 2010) ("[T]he HAMP agreement did not require loan servicers to modify eligible loans;

thus, the court found borrowers lacked standing to enforce the agreement.").

As such, Plaintiff's claims that she is somehow entitled to a loan modification are not

supported by the agreements alleged or by any codified law.  Plaintiff cannot prevail on this

claim under her theory that an agreement to modify the loan was breached.

### B.     Plaintiff Cannot Premise This Claim On An Alleged Failure To Mail And Post The Foreclosure Notices Pursuant To Civil Code § 2924 Et Seq.

Plaintiff also asserts a claim for breach of contract stemming from Wells Fargo's alleged

failure to comply with the notice and posting provisions of California Civil Code § 2924 et seq.

(¶15).  There are a number of problems with this claim.

First, the claim fails on its face because it is based on *extra-contractual* statutory duties

relating to the alleged obligations under Civil Code § 2924 et seq.  Plaintiff fails to identify any

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   term in the deed of trust which would create an obligation on the part of Wells Fargo concerning

2   Civil Code 2924 et seq.  For instance, Covenant No. 15 of the deed of trust states:

> 15.  GOVERNING LAW; SEVERABILITY.  This Security
> Instrument and the Secured Notes shall be governed by and
> construed under federal law and federal rules and regulations,
> including those for federally chartered savings institutions.

6   (RJN Exh. B, p. 9).  Thus Covenant No. 15 does not create any obligations on the part of Wells

7   Fargo; it simply sets forth the law by and under which the Deed of Trust shall be governed and

8   construed, which is Federal law.  Similarly, Covenant No. 28 merely sets forth Wells Fargo's

9   right to exercise the power of sale, as permitted by applicable law, in the event Plaintiff breaches

10  her duty by failing to make the required loan payments.  (RJN Exh. B, p. 13).  This provision

11  does not create an independent contractual obligation upon Wells Fargo to ensure compliance

12  with all applicable laws related to the bank's efforts to foreclose on the Property.

13          Thus, Plaintiff's allegations regarding an alleged failure to comply with Civil Code §

14  2924 et seq. do not show a violation of deed of trust.  Plaintiff cannot allege any right or benefit

15  in the Note and DOT that was breached by Wells Fargo and she has not identified *how* any actual

16  terms of the contract were frustrated.  Plaintiff cannot state a claim for breach of contract under

17  this theory.

18          Even if this could form the basis of a claim, Plaintiff fails to identify a specific statute

19  purportedly violated, though even if she did it would not help this claim.  There is no private

20  right of action under Civil Code § 2924 et seq.  In California, "'courts are not at liberty to impute

21  a particular intention to the Legislature when nothing in the language of the statute implies such

22  an intention.'" *Dunn-Edwards Corp.* v. *Bay Area Air Quality Management Dist.,* 9 Cal. App. 4th

23  644 (1992).  As the legislative intent is for this scheme to be exhaustive, California courts have

24  refused to read any additional requirements into the non-judicial foreclosure statute.  *See*

25  *Homestead Sav.* v. *Darmiento,* 230 Cal. App. 3d 424, 432-33 (1991); *see also Gomes* v.

26  *Countrywide Home Loans, Inc.,* 192 Cal. App. 4th 1149, 1154 (2011); *Moeller v. Lien,* 25 Cal.

27  App. 4th 822, 834 (1994).  Thus, as there is no explicit private right of action written into Section

28  2924 et seq., courts have held that no such right exists. *See Gomes,* 192 Cal. App. 4th at 1154.

1  This cannot support her breach of contract claim.

2  Moreover, it appears that Plaintiff is actually attempting to plead a wrongful foreclosure

3  claim premised on Wells Fargo's purported violation of these statutes. However, to state a

4  wrongful foreclosure claim, Plaintiff must first plead a completed foreclosure. The foreclosure

5  here has not yet occurred. Thus Plaintiff cannot plead a wrongful foreclosure claim based on a

6  violation of the non-judicial foreclosure statutes. *See Rosenfeld v. JPMorgan Chase Bank, N.A.,*

7  732 F. Supp. 2d 952, 961 (N.D. Cal. 2010) (*citing Munger v. Moore*, 11 Cal. App. 3d 1, 7 (1970)

8  ("A lender or foreclosure trustee may only be liable to the mortgagor or trustor for wrongful

9  foreclosure if the property was fraudulently or illegally sold under a power of sale contained in a

10  mortgage or deed of trust.")).

11  Finally, Plaintiff's claim that Wells Fargo violated Civil Code § 2924 et seq. concerning

12  notices and postings is refuted by the recorded Notice of Default and the Notice of Sale which

13  are Exhibits H and I to the defendant's RJN. As the court stated in *Collins v. Power Default*

14  *Services, Inc.,* 2010 U.S. Dist. LEXIS 3361, *10, 11(N.D. Cal. Jan. 14, 2010) (Conti, J), based

15  on similar allegations, Plaintiff's "vague allegations that Defendants have breached statutory

16  duties related to notice are simply not plausible" where the NOD and NOTS show compliance.

17  (Citing §§ 2924(a)(1) and 2924f. The court noted:

> 18  The Complaint does not identify which statutory duties have been
> 19  violated, but instead alleges that Defendants failed to give proper
> notice under California law, and Plaintiffs also accuse Defendants
> 20  of issuing a notice of trustee's sale that was not compliant with
> California law. [ ] Here, Plaintiffs' Complaint itself states that a
> 21  notice of default was recorded against the property, [citation], and
> the Complaint was filed a few days before the foreclosure sale was
> 22  scheduled to occur. Also, the Court has taken judicial notice of the
> Notice of Default and the Notice of Trustee's Sale, both of which
> were recorded in the San Mateo Recorder's Office.).

23

24  (Internal citations and quotation marks omitted).

25  In this action, Plaintiff fails to plead a particular statute that was purportedly violated.

26  Moreover, she can only allege a failure of notice and  posting of the Notice of Default or

27  Substitution of Trustee. The Notice of Trustee Sale has not yet been recorded. Finally, Plaintiff

28  herself admits she has notice of the Notice of Default.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

5. **PLAINTIFF'S NEGLIGENCE CLAIM IS WITHOUT LEGAL MERIT AS SHE CANNOT ESTABLISH THAT WELLS FARGO OWED HER A DUTY OF CARE**

Plaintiff's second claim for negligence alleges Wells Fargo breached a duty of care and skill in the foreclosure activities, in failing to communicate regarding the foreclosure and in failing to discuss modification of the loan. (*See* ¶20). Yet there is no basis for her claim.

A claim for negligence requires the following: "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted). "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." *Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th 472, 481 (1996). A plaintiff's "inability to plead a duty of care on the part of [defendant] precludes his maintenance of a cause of action on any negligence theory." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 349 (1997). "The determination of whether a duty exists is primarily a question of law." *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988).

The law in this state is clear that lenders do not generally owe their borrowers a duty of care. In *Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991), the court held that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."[2] Here, there are no factual allegations in the FAC to suggest that Wells Fargo acted as more than a "mere lender of money." As the court in *Perlas* noted, "[a] commercial lender pursues its own economic interests in lending money." *Perlas v. GMAC Mortgage, LLC*, 187 Cal. App. 4th 429, 436 (2010) (citations omitted). And as a lender, Wells

---

[2] The case of *Jolley v. Chase Home Finance, LLC,* 213 Cal. App. 4th 872 (2013) is readily distinguishable as it involved a construction loan where the lender often times plays on ongoing role in the construction enterprise. *Deschaine v. IndyMac Mortg. Servs.*, 2013 U.S. Dist. LEXIS 163203, *18 (E.D. Cal. Nov. 15, 2013) ("Because the majority of California courts hold that loan modification activities are part and parcel of a loan servicer's 'conventional role as a lender of money,' Nymark, 231 Cal. App. 3d at 1096, and because plaintiff has not alleged any facts that show a special relationship with IndyMac, plaintiff cannot allege that IndyMac owed him a duty of care. Accordingly, the court must grant IndyMac's motion to dismiss plaintiff's negligence claim.").

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Fargo is privileged to act in its own self-interest in a loan transaction.  *Nymark,* 231 Cal. App. 3d

2   at 1093, n.1 ("A lender is entitled to pursue its own economic interests in a loan transaction.").

3   Here, there are no factual allegations in the FAC to suggest that Wells Fargo acted as

4   more than a "mere lender of money."  Indeed, Plaintiff concedes throughout the FAC that Wells

5   Fargo operated as a mortgage lender which provided her a loan, and serviced the loan and

6   initiated foreclosure proceedings.  (*See, e.g.,* FAC ¶¶2, 11, 12, 13, 15, 19, 41).  As the Court in

7   *Perlas* noted, "[a] commercial lender pursues its own economic interests in lending money."

8   *Perlas*, 187 Cal. App. 4th at 436.  And as a lender, Wells Fargo is privileged to act in its own

9   self-interest in a loan transaction.  *Nymark,* 231 Cal. App. 3d at 1093, n.1 ("A lender is entitled to

10  pursue its own economic interests in a loan transaction.").  Clearly, loaning money, collecting

11  loan payments, and foreclosing on defaulted loans are conventional activities of a lender and do

12  not create a duty of care on the part of Wells Fargo.  *Id.* at 1095.

13  This is also true with attempts to modify a loan.  *See Gonzales v. Wells Fargo Bank, N.A.*,

14  2012 U.S. Dist. LEXIS 154851, *20 (N.D. Cal. Oct. 29, 2012) ("A loan modification, which is

15  nothing more than a renegotiation of loan terms, falls well within an institution's conventional

16  money-lending role."); *Armstrong v. Chevy Chase Bank, FSB*, 2012 U.S. Dist. LEXIS 144125,

17  *9-13 (N.D. Cal. Oct. 3, 2012) (duty of care is not even created when a lender *offers* the

18  borrower a loan modification, because like the original underwriting process, a modification

19  review and approval is simply a renegotiation of the loan terms); *Argueta v. J.P. Morgan Chase*,

20  2011 U.S. Dist. LEXIS 70756, *14-16 (E.D. Cal. June 30, 2011) (plaintiff alleged that "[b]y

21  accepting Plaintiff's modification application, requesting additional documents and conditions of

22  Plaintiff, and representing that it was endeavoring to actually review Plaintiff for a modification,

23  [lender] had an obligation to Plaintiff to do so reasonably and conform to a standards of conduct

24  for the protection of Plaintiff against unreasonable risks associated with reviewing Plaintiffs for a

25  modification;" court held that the allegations "are insufficient to plausibly suggest that

26  defendants owed plaintiff a duty of care"); *DeLeon v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist.

27  LEXIS 112941, *9-12 (N.D. Cal. Oct. 22, 2010) (negligence claim fails because lender had no

28  "duty to Plaintiffs to complete the loan modification process, postpone the foreclosure sale

1   pending completion of such process, and serve a proper notice of sale"); *Dooms v. Fed. Home*

2   *Loan Mortg. Corp.,* 2011 U.S. Dist. LEXIS 38550, *24-25 (E.D. Cal. Mar. 30, 2011) (no duty

3   arising from "[plaintiff's] default, property foreclosure, and loan modification attempts.").

4         In the instant action, the pleadings fail to characterize Wells Fargo as anything but a

5   conventional lender.  After all, it is extremely commonplace for bank representatives to deal

6   directly with a borrower (or their authorized representatives) when responding to questions

7   concerning the mortgage terms, payment, enforcement of the security interest and the

8   modification review process.  As Wells Fargo has not stepped outside its traditional role of

9   lender, Plaintiff cannot establish Wells Fargo owed her a duty of care.  Without a duty of care,

10   Plaintiff's negligence claim cannot survive.  *LiMandri,* 52 Cal. App. 4th at 349 .

11       **6.**    **PLAINTIFF'S NEGLIGENT MISREPRESENTATION IS FATALLY FLAWED**

12         Plaintiff seemingly bases her third claim for negligent misrepresentation on allegations

13   that Wells Fargo failed to modify her loan as promised and failed to comply with the notice and

14   posting requirements of Civil Code § 2924 et seq.  (*See* ¶¶23-24).  As demonstrated below,

15   Plaintiff has not and cannot assert a negligent misrepresentation claim based on any of these

16   allegations.

17   **A.**    **Plaintiff Fails To Plead The Elements Of The Claim**

18         Negligent misrepresentation is a species of fraud under California law.  *See e.g.*, *Small v.*

19   *Fritz Companies, Inc.*, 30 Cal. 4th 167, 173-74 (2003).  To plead a cause of action for fraud,

20   Plaintiff must allege:  (i) a false representation as to a material fact, (ii) knowledge of its falsity,

21   (iii) intent to defraud, (iv) actual and justifiable reliance upon the misrepresentation, and

22   (v) damage resulting from that justifiable reliance.  *Stansfield v. Starkey*, 220 Cal. App. 3d 59,

23   72-73 (1990); *Wilhelm v. Pray, Price, Williams & Russell,* 186 Cal. App. 3d 1324, 1331 (1986).

24   The tort of negligent misrepresentation also requires the defendant to owe the plaintiff a duty of

25   care.  *Ditto v. McCurdy*, 520 F. 3d 1070, 1078 (9th Cir. 2007); *see also Cicone v. URS Corp.*,

26   183 Cal. App. 3d 194, 207-11 (1986) (a duty of care is necessary to maintain a negligent

27   misrepresentation claim).

28   / / /

Under Fed. R. Civ. P. 9(b), fraud allegations are subject to a higher pleading standard and must be specifically pled.  *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093-94 (C.D. Cal. 1999) (reciting California elements).  "This means the who, what, when, where, and how . . . ."  *Glen Holly,* 100 F. Supp. 2d at 1094; *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986) (holding that fraud claims require the pleader to "state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation").  "Plaintiffs must not only specify how alleged statements were false, but must specify how statements were false when they were made." *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 U.S. Dist. LEXIS 42333, *16 (E.D. Cal. Apr. 18, 2011).  Thus, merely identifying allegedly fraudulent conduct fails.

As for corporate defendants, Rule 9(b) requires plaintiffs to specifically plead:  (1) the misrepresentation, (2) the speaker and his or her authority to speak, (3) when and where the statements were made, (4) whether the statements were oral or written, (5) if statements were written, the specific documents containing the representations, and (6) the manner in which the representations were allegedly false or misleading.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 549 (9th Cir. 1989).  Vague or conclusory allegations are insufficient to satisfy Rule 9(b)'s "particularity" requirement.  *Moore*, 885 F.2d at 540.

Here, the FAC falls well short of meeting any of these requirements.  First, as detailed in the negligence section above, Wells Fargo owed no duty of care to Plaintiff where Wells Fargo is solely acting in its conventional role of lender of money.  As a duty of care is required for a claim for negligent misrepresentation, and Plaintiff cannot establish Wells Fargo owed her a duty, this claim for relief should be dismissed on this ground alone.

In addition, Plaintiff fails to allege any facts concerning the alleged misrepresentation, such as the details of the statements, who made the statements, when the statements were made, the employee's authority to speak for Wells Fargo, whether the statements were oral or written and how they were false or misleading.  *See, e.g., Glen Holly,* 100 F. Supp. 2d at 1094.  She only makes vague references to "written and oral promises" to modify the terms of the loan. (*See* ¶23, *see also* ¶¶12, 14).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Plaintiff is also required to allege facts showing her actual and justifiable reliance.

2   *Wilhelm*, 186 Cal. App. 3d at 1331.  Moreover, justifiable "reliance exists when the

3   misrepresentation or nondisclosure was an *immediate cause* of the plaintiff's conduct which

4   altered his or her legal relations. . . ."  *Alliance Mortg. Co. v. Rothwell*, 19 Cal. App. 4th 1226,

5   1239 (1995) (whether a party's reliance was justified may be decided as a matter of law if

6   reasonable minds can come to only one conclusion based on the facts) (emphasis added).

7   Here, no facts have been alleged to support Plaintiff's claim.  She merely makes a

8   boilerplate assertion of justifiable reliance stating that she "justifiably relied" on the promises.

9   While she declares that she would not have maintained "Defendants as her lender, servicer and

10  trustee" and/or "would have taken legal action immediately to save her residence" (¶23), she

11  pleads no factual allegations at all showing what action she could have taken to "save her

12  residence" but for her reliance on Wells Fargo's representations.

13  **B.    The Negligent Misrepresentation Claim Fails Because It Is Based On A Promise As**

14  **To A Future Event**

15  The claim also fails to the extent it alleges a promise as to a *future* event: "the interest

16  rate and other terms of the loan could be modified at [Plaintiff's] request at a later date to

17  accommodate her financial circumstances." (¶12).  Such promises as to future events are

18  inadequate to make out a claim for negligent misrepresentation: "To be actionable, a negligent

19  misrepresentation must ordinarily be as to past or existing material facts.  [P]redictions as to

20  future events, or statements as to future action by some third party, are deemed opinions, not

21  actionable fraud." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991).

22  In *Tarmann,* the defendants' representative "said it would pay for his repairs immediately upon

23  their completion" *Id* at 158. The *Tarmann* court held this did not "involve a past or existing

24  material fact"; it involved "a promise to perform at some future time." *Id.*

25  **7.    PLAINTIFF CANNOT STATE A CLAIM FOR BREACH OF THE IMPLIED**

26  **COVENANT OF GOOD FAITH AND FAIR DEALING**

27  Plaintiff's fourth claim alleges Wells Fargo breached the implied covenant of good faith

28  and fair dealing in the note and deed of trust when it failed to comply with the notice

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   requirements in foreclosing in the property and when it refused to modify the loan.  (¶30; *see*

2   *also* ¶31).  Plaintiff cannot prevail on this claim for a number of reasons.

3        The elements of a claim for breach of the implied covenant of good faith and fair dealing

4   are: (1) the existence of a contract; (2) that plaintiffs did all, or substantially all, of the significant

5   things the contract required; (3) the conditions required for the defendant's performance had

6   occurred; (4) the defendant unfairly interfered with plaintiffs' right to receive the benefits of the

7   contract; and (5) plaintiffs were harmed by the defendant's conduct.  *Carma Developers, Inc. v.*

8   *Marathon Development Calif., Inc.,* 2 Cal. 4th 342, 371-75 (1992).

9        However, "[t]he covenant of good faith and fair dealing, implied by law in every

10   contract, exists merely to prevent one contracting party from unfairly frustrating the other party's

11   right to receive the benefits of the agreement actually made."  *Durell v. Sharp Healthcare*, 183

12   Cal. App. 4th 1350, 1369-70 (2010).  The implied covenant "cannot impose substantive duties or

13   limits on the contracting parties beyond those incorporated in the specific terms of their

14   agreement."  *Id*.

15        Here, Plaintiff improperly seeks to use the implied covenant to alter the loan agreements

16   by adding terms that were not included in the written agreement: an obligation to modify the loan

17   at Plaintiff's request and compliance with notice procedures under Civil Code §2924 et seq.  This

18   is not legally permitted and hence, the fourth claim for relief should be dismissed without leave

19   to amend.

20   **A.**   **Plaintiff Fails To Plead Her Performance**

21        Plaintiff's claim is fatally defective for several reasons.  First, and foremost, Plaintiff has

22   not adequately alleged her own performance under the Note and Deed of Trust or an excuse for

23   non-performance.  (*See* ¶14).  In fact, as Plaintiff admitted in the original complaint, and

24   evidenced by the recorded Notice of Default, Plaintiff was unable to make the monthly loan

25   payments and defaulted on the loan.  (*See* Compl. ¶¶34, 80; RJN Exh. H).  Thus Plaintiff cannot

26   establish her own performance of the agreements.

27   / / /

28   / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**B.** **Plaintiff Fails To Allege Any Language In The Note Or Deed Of Trust Entitling Her To Relief For This Claim**

    **i.** **The Agreements Do Not Entitle Plaintiff To A Loan Modification**

As to Plaintiff's claim that Wells Fargo breached the implied covenant by failing to modify the loan, Plaintiff does not and cannot plead any language in the Note or Deed of Trust or "subsequent agreement relating to a modification" entitling her to a loan modification. (*See* ¶31). "The implied covenant of good faith and fair dealing rests upon the existence of some ***specific contractual obligation***." *Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*, 11 Cal. App. 4th 1026, 1031 (1993) (emphasis added). Absent the contractual obligation, Plaintiff cannot prevail on this claim as plead.

As for Plaintiff's claim that Wells Fargo breached the implied covenant within a "subsequent agreement relating to a modification" (*see* ¶31), she fails to adequately identify this agreement, that this agreement was consummated or any other details regarding a breach or damages.

    **ii.** **Plaintiff Cannot Base This Claim On Extra Contractual Statutory Obligations**

As to Plaintiff's claim that Wells Fargo's foreclosure activities on the Property were without proper notice under Civil Code §2924, et seq., there is no provision in the note or deed of trust on which Plaintiff can base this claim. Indeed, as discussed in the claim for breach of contract above, the covenants that concern the laws under which the deed of trust are to be enforced do not aid Plaintiff in the least. For example, Covenant No. 15 of the Deed of Trust, states that:

> 15. GOVERNING LAW; SEVERABILITY. This Security Instrument and the Secured Notes shall be governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions.

(RJN Exh. B, p. 9). However, Covenant No. 15 does not create any obligations on the part of Wells Fargo; it simply sets forth the law by and under which the Deed of Trust shall be governed and construed, which is Federal law. Similarly, Covenant No. 28 sets forth Wells Fargo's right

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  to exercise the power of sale, as permitted by applicable law, in the event Plaintiff's breaches her

2  duty by failing to make the required loan payments. (RJN Exh., B, p. 13). This provision does

3  not create an independent contractual obligation upon Wells Fargo to ensure compliance with all

4  applicable laws related to the bank's efforts to foreclose on the Property, including the notice and

5  posting provisions found in Civil Code § 2924 et seq.

6       Thus, Plaintiff's allegations regarding an alleged failure to comply with the notice and

7  posting provisions of Civil Code § 2924 et seq., do not support a claim for breach of the implied

8  covenant of good faith and fair dealing. Plaintiff cannot allege any right or benefit in the Note

9  and DOT that was frustrated by Wells Fargo and she has not identified *how* any actual terms of

10  the contract were frustrated. Thus, Plaintiff cannot state a claim for breach of the implied

11  covenant of good faith and fair dealing.

12      **8.   PLAINTIFF'S CLAIM FOR VIOLATION OF CIVIL CODE § 2923.5 HAS**

13          **ALREADY BEEN DISMISSED WITHOUT LEAVE TO AMEND**

14       Plaintiff's fifth claim asserts a violation of California Civil Code § 2923.5 as it existed

15  when the Notice of Default was recorded. (*See* ¶¶33-37). According to Plaintiff, Wells Fargo

16  failed to comply with the requirements of the former statute because it did not contact Plaintiff

17  prior to recording the notice of default and because the declaration attached to the notice of

18  default was robo-signed. In the original complaint, Plaintiff premised her wrongful foreclosure

19  claim on this alleged violation of § 2923.5. (See Complaint). Yet, this Court has already ruled

20  on this same claim in granting Wells Fargo's motion to dismiss the wrongful foreclosure claim,

21  as it is preempted by HOLA. (*See* Order at 5-6, 7). Moreover, in granting the motion to dismiss,

22  the Court specifically indicated that Plaintiff had leave to amend the complaint *only* to the extent

23  that the claims were not based on the same theories dismissed. (*See* Order at 7).

24       In the original complaint, Plaintiff's wrongful foreclosure claim was premised on an

25  alleged violation of § 2923.5 due to the failure to contact Plaintiff prior to recording the notice of

26  default. Plaintiff makes the same argument here. As the claim is based on the same theory

27  already dismissed, and Plaintiff provides no basis for which this Court should reconsider its prior

28  ruling, the claim should be dismissed on this basis alone.

Moreover, Plaintiff's claim is non-actionable.  Plaintiff seeks damages for the alleged violation of the statute.  (*See* FAC ¶37).  Damages, however, are not available; the only remedy for a violation of former § 2923.5 is the postponement of a trustee's sale.  *Mabry*, 185 Cal. App. 4th at 235 ("We would merely note that under the plain language of section 2924g, the *only* remedy provided is a postponement of the sale *before* it happens.").  Since damages are not available as plead, this claim should be dismissed as it cannot provide a basis for relief.

### 9.   **PLAINTIFF'S SIXTH CLAIM FOR PROMISSORY ESTOPPEL FAILS**

Plaintiff seemingly premises this claim on an unspecified agreement entered into by the California Attorney General and Wells Fargo.  (*See* ¶39).  As part of this agreement, according to Plaintiff, Wells Fargo agreed to provide loan modifications to borrowers with pick-a-payment loans.  (*See* ¶39).  Apparently Wells Fargo breached this agreement in failing to provide Plaintiff with a modification.

Promissory estoppel requires "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance."  *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976).  Yet Plaintiff fails to establish a single element in this claim.

### A.   **Plaintiff Cannot Establish A Claim Based On A Purported Agreement Between Wells Fargo And The California Attorney General**

Plaintiff states she is seeking to enforce Wells Fargo's agreement with the California Attorney General to provide loan modifications for borrowers with pick-a-payment loans.  (¶39). The claim is more appropriately brought as a breach of contract claim.  As discussed in the breach of contract section  above, in order to prevail on a claim for breach of contract, Plaintiff must plead the existence of a contract, plaintiff's performance or excuse for nonperformance, defendant's breach, and (4) the resulting damages to plaintiff.  *Careau & Co. v. Security Pac. Bus. Credit, Inc.,* 222 Cal. App. 3d 1371, 1388 (1990).  Moreover, if not a party to the agreement, in order to state a claim, Plaintiff must plead that she is an intended beneficiary under the agreement.  "It is difficult to demonstrate third-party beneficiary status in the context of

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   government contracts." *Villa ,* 2010 U.S. Dist. LEXIS 23741 at * 5 (citing *County of Santa*

2   *Clara v. Astra USA, Inc.* 588 F. 3d 1237, 1244 (9th Cir. 2009)).  Therefore, non-signatory

3   members of the public are assumed to be incidental beneficiaries, not intended beneficiaries.

4   *Villa,* 2010 U.S. Dist. LEXIS 23741 at *6.  Incidental beneficiaries may not enforce the contract

5   absent a clear intent to the contrary.  Rest.2d Contracts § 302 (1979); *Escobedo v. Countrywide*

6   *Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 117017, *5 (S.D. Cal. Dec. 15, 2009).

7          This claim is woefully inadequate.  Plaintiff fails to allege any promise made directly to

8   her.  She does not allege she is a party to any promises or an intended beneficiary of the

9   promises.  Even if she was a party to the agreement, she fails to allege the terms of the agreement

10  or attach it.  There is simply no basis for a claim for breach of contract.

11         Moreover, perhaps recognizing that she could not plead a breach of this agreement,

12  Plaintiff attempts to bring this claim as one in tort.  This is not permitted.

13         A breach of contract, even if the breach is negligent, fraudulent, or willfully malicious,

14  does not mutate into a tort claim.  The motive or state of mind of the breaching party is

15  irrelevant.  Without facts that are independently tortious, no promissory estoppel based claim

16  arises from a breach of contract.  *See Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7

17  Cal. 4th 503, 515-16 (1994) (facts did not exist to justify making a fraud case out of a breach of

18  contract case).  The California Supreme Court rejected an effort to convert a breach of contract

19  claim into one for tort in *Aas v. Superior Court*, 24 Cal. 4th 627 (2000) ("a person may not

20  ordinarily recover in tort for breach of duties that merely restate contractual obligations . . .

21  [i]nstead, '[c]ourts will generally enforce the breach of a contractual promise through contract

22  law . . . .'").

23         Here, the representations allegedly made by Wells Fargo are the very "contractual" terms

24  Plaintiff seeks to enforce.

25  **B.**     **Plaintiff Fails to Plead a Clear and Unambiguous Promise**

26         Even if Plaintiff is seeking to enforce some unspecified oral promise made to her

27  regarding the ability to modify the loan (*see* ¶12), the law is clear that the oral representations

28  must amount to a "promise clear and unambiguous in its terms." *Laks,* 60 Cal. App. 3d at  890.

"To be enforceable, a promise must be definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209 (2006).

Plaintiff alleges that at the loan origination and after Wells Fargo acquired the loan, she was told that the terms of the loan could be modified.  (¶12).  That's the extent of any alleged promise made to Plaintiff within the entire FAC.  This "promise", if at all, is simply too vague to support this claim.  Indeed, a promise of the possibility of a modification could have been nothing more than a hope, or at best an expectation, that after a review at some point of Plaintiff's finances, a modification might be available.  There was no promise of any specific modification.  The fact that this was not a clear and unambiguous promise is also evidenced from the fact that there were no terms (*e.g.*, no specific interest rate, payment amount, loan balance reduction or duration for the purportedly promised modification upon Plaintiff's undefined financial circumstances).  *See Cabanilla v. Wachovia Mortg.*, 2012 U.S. Dist. LEXIS 39270 (C.D. Cal. Mar. 20, 2012).  In *Cabanilla,* the claim for promissory estoppel was premised on the allegation that Wachovia "made numerous oral promises that they would give Plaintiffs a loan modification . . . if Plaintiffs completed an application for a loan modification and provided certain documents."  *Id*. at *3.  However, the court held that the claim failed because plaintiffs "failed to allege a clear or unambiguous promise related to their loan modification…  By [Plaintiffs]' own admission, Wachovia merely promised to consider and evaluate their loan modification request.  That [Plaintiffs] did not receive a loan modification does not entitle them to pursue a claim of promissory estoppel."  *Id*. at *4.

As was the case in *Cabanilla,* here, Plaintiff fails to allege a clear, unambiguous, enforceable promise.

/ / /

/ / /

/ / /

CASE NO.:  3:13-CV-00922-SI
MEMORANDUM OF POINTS & AUTHORITIES

1

## 10.   <u>CONCLUSION</u>

2   For the foregoing reasons, Wells Fargo respectfully requests that this Court grant its

3 motion to dismiss without leave to amend.

4               Respectfully submitted,

5 Dated:  January 31, 2014     ANGLIN, FLEWELLING, RASMUSSEN,
                CAMPBELL & TRYTTEN LLP

6

7             By:  /s/ Christine Hehir
               Christine Hehir

8               chehir@afrct.com
             Attorneys for Defendant WELLS FARGO

9             BANK, N.A., successor by merger with
             Wells Fargo Bank Southwest, N.A. formerly

10            known as WACHOVIA MORTGAGE, FSB
            formerly known as WORLD SAVINGS

11            BANK, FSB ("Wells Fargo")

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

     I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

     On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the interested parties in said case as follows:

*Served via the Court's CM/ECF System:*

Attorney for Plaintiff

James H. Vernon, Esq.
3223 Crow Canyon Road, Suite 330
P.O. Box 410
San Ramon, CA  94583
Tel:  (925) 806-0673
E-mail:  jvernonn@mindspring.com

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on **January 31, 2014**.

| | |
|---|---|
| Marianne Mantoen | */s/ Marianne Mantoen* |
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP