IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALINE LOTHLEN,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE, FSB; WORLD SAVINGS BANK, FSB; CAL-WESTERN RECONVEYANCE; and DOES 1-20, inclusive,

    Defendants.

No. C 13-00922 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**

Presently before the Court is the motion by defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB formerly known as World Savings Bank, FSB ("Wells Fargo") to dismiss plaintiff Aline Lothlen's first amended complaint. For the reasons set forth below, the Court GRANTS Wells Fargo's motion to dismiss the first amended complaint with leave to amend. If plaintiff wishes to amend her complaint, she must do so by **April 28, 2014.**

## BACKGROUND

In May 2007, plaintiff obtained a loan from World Savings Bank, FSB ("World Savings") in the amount of $784,000. Docket No. 39, FAC ¶ 11; Docket No. 30, Request for Judicial Notice ("RJN")

Ex. A.[1] The loan was secured by a deed of trust against real property located at 11321 Golf Links Road, Oakland, California 94605 (the "subject property"). FAC ¶ 1; Docket No. 30, RJN Ex. B.

On December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB ("Wachovia"). Docket No. 30, RJN Exs. D-E. In November 2009, Wachovia changed its name to Wells Fargo Bank Southwest, N.A., before merging with Wells Fargo Bank, N.A. *Id.* Ex. F.

On October 27, 2012, a Notice of Default and Election to Sell Under Deed of Trust was recorded. FAC ¶ 13; Docket No. 30, RJN Ex. B. On October 31, 2012, a Substitution of Trustee was recorded. Docket No. 30, RJN Ex. C. A trustee's sale on the subject property has not been noticed or completed.

On December 19, 2012, plaintiff filed a complaint in Alameda County Superior Court against defendants Wells Fargo, World Savings, Wachovia, and Cal-Western Reconveyance, alleging causes of action for: (1) wrongful foreclosure; (2) fraud; (3) declaratory relief; (4) quiet title; (5) unjust enrichment; (6) accounting; and (7) violations of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq.[2] Compl. ¶¶ 28-89. On February 28, 2013, Wells Fargo removed the action from state court to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. Docket No. 1, Notice of Removal. On November 26, 2013, the Court dismissed all of the causes of action in the complaint as preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 et seq. Docket No. 35. In the order, the Court granted plaintiff leave to amend her complaint if she wished to allege state law claims that are not based on the theories of wrongful foreclosure articulated in the complaint and her opposition. *Id.* at 7.

---

[1] Along with its original motion to dismiss, Wells Fargo filed a request for judicial notice. Docket No. 30. In deciding the original motion to dismiss, the Court overruled plaintiff's objections to the request for judicial notice. Docket No. 35 at 2 n.2. Accordingly, pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Exhibits B-F and H-I attached to Wells Fargo's request because they are matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); Docket No. 35 at 2 n.1. In addition, the Court considers Exhibit A, the relevant loan agreement, because its authenticity is not contested and plaintiff's first amended complaint necessarily relies on it. *See Lee*, 250 F.3d at 688.

[2] At the time the complaint was filed, plaintiff was proceeding *pro se.* She is now represented by counsel in this action. *See* Docket No. 11.

2

On January 7, 2014, plaintiff filed a first amended complaint ("FAC"), alleging causes of action for (1) breach of contract; (2) negligence; (3) negligent misrepresentation; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of California Civil Code § 2923.5; and (6) promissory estoppel. By the present motion, defendant Wells Fargo moves to dismiss all of the causes of action in plaintiff's FAC. Docket No. 41, Def.'s Mot.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal, 556 U.S. at 678.* In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has

"repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I. Plaintiff's Claim for Breach of Contract

Plaintiff alleges a cause of action against Wells Fargo for breach of contract. FAC ¶¶ 14-17. Wells Fargo argues that this claim should be dismissed because plaintiff has failed to properly allege that Wells Fargo breached the terms of the written loan agreement. Def.'s Mot. at 5-6.

The elements of a cause of action for breach of contract are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Here, plaintiff alleges that Wells Fargo breached the loan agreement by failing and refusing to modify the terms of the loan agreement and by failing to comply with California Civil Code § 2924 et seq. FAC ¶ 15. However, plaintiff fails to allege that any of the terms of the relevant contract required that Wells Fargo modify the terms of the loan agreement or comply with California Civil Code § 2924 et seq. A breach does not occur when the party refusing to perform fails to perform tasks that he is not obligated to perform under the terms of the contract. *See P. & J. Artukovich, Inc. v. Simpson*, 128 Cal. App. 2d 440, 447-48 (1954). Therefore, plaintiff has failed to properly allege that Wells Fargo breached the loan agreement. Accordingly, the Court dismisses plaintiff's claim for breach of contract.

### II. Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff alleges a cause of action against Wells Fargo for breach of the implied covenant of good faith and fair dealing. FAC ¶¶ 28-31. Wells Fargo argues that this claim should be dismissed because plaintiff fails to allege the specific contractual provisions that form the basis of her claim. Def.'s Mot. at 16-17.

4

"Generally every contract . . . imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 799 (2008) (internal quotation marks and citations omitted). Because "the implied covenant operates to protect the express covenants or promises of [a] contract . . . [it] cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of [the parties'] agreement." *Id.* at 805; *see also Barroso v. Ocwen Loan Servicing, LLC*, 208 Cal. App. 4th 1001, 1015 (2012) ("'The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation.'"). Therefore, "to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated." *Plastino v. Wells Fargo Bank*, No. C 12-01037 CRB, 873 F. Supp. 2d 1179, 1191 (N.D. Cal. 2012); *accord Amedee v. CitiMortgage, Inc.*, No. C 13-3040 CW, 2014 U.S. Dist. LEXIS 35472, at *14 (N.D. Cal. Mar. 17, 2014).

Plaintiff alleges that Wells Fargo breached the implied covenant of good faith and dealing when it sought to foreclose on her property without proper notice and refused to modify her loan. FAC ¶ 30. However, as with her claim for breach of contract, plaintiff fails to allege the specific contractual provisions in the relevant agreement that she alleges were frustrated by defendant's conduct. Therefore, plaintiff has failed to properly plead a cause of action for breach of the implied covenant of good faith and fair dealing. *See Plastino*, 873 F. Supp. 2d at 1191; *Amedee*, 2014 U.S. Dist. LEXIS 35472, at *14. Accordingly, the Court dismisses plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

### III. Plaintiff's Claim for Promissory Estoppel

Plaintiff alleges a cause of action against Wells Fargo for promissory estoppel. FAC ¶¶ 38-43. Wells Fargo argues that this claim should be dismissed because the claim is more appropriately brought as a breach of contract claim and because plaintiff has failed to plead a clear and unambiguous promise. Def.'s Mot. at 18-20.

5

Under California law, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *See Kajima/Ray Wilson v. Los Angeles Cnty. Metro. Transp. Auth.*, 23 Cal. 4th 305, 310 (2000); *see also Platt Pacific, Inc. v. Andelson*, 6 Cal. 4th 307, 320 (1993) ("Under the doctrine of promissory estoppel, the promise by one party and the resulting detrimental reliance on that promise by another party operate as a substitute for consideration that may make the modification enforceable to the extent necessary to prevent injustice."). "The elements of promissory estoppel are (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages measured by the extent of the obligation assumed and not performed." *Moncada v. West Coast Quartz Corp.*, 221 Cal. App. 4th 768, 780 (2013) (internal quotation marks omitted). The alleged promise must be "definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Garcia v. World Savings, FSB*, 183 Cal. App. 4th 1031, 1045 (2010) (internal quotation marks omitted).

Plaintiff alleges that around December 2010, Well Fargo and the Attorney General of the State of California entered into an agreement whereby Wells Fargo agreed to provide loan modifications to homeowners with "pick-a-pay" loans. FAC ¶ 39. Plaintiff further alleges that she detrimentally relied on this promise by borrowing money and making loan payments that she would not have made had she known that defendant would not modify her loan. *Id.* Plaintiff has failed to allege a promise by Wells Fargo that is clear and unambiguous in its terms. Plaintiff alleges that the promise at issue was made in an agreement with the Attorney General, but plaintiff fails to allege the specific terms of that agreement that she purportedly relied on, i.e., in what circumstances would Wells Fargo provide a loan modification. Without the specific terms of the agreement, the Court cannot determine the scope of Wells Fargo's duty under the promise. Accordingly, the Court dismisses plaintiff's claim for promissory estoppel.

### IV. Plaintiff's Claim for Negligence

Plaintiff alleges a cause of action against Wells Fargo for negligence. FAC ¶¶ 18-21. Wells Fargo argues that this claim should be dismissed because plaintiff cannot establish that Wells Fargo owed her a duty of care. Def.'s Mot. at 10-12.

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998). "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." *Software Design & Application v. Hoefer & Arnett*, 49 Cal. App. 4th 472, 481 (1996). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vazquez v. Residential Invs., Inc.*, 118 Cal. App. 4th 269, 278 (2004).

Plaintiff alleges that Wells Fargo, as the trustee under the deed of trust and the lender of her loan, owed her a duty to exercise reasonable care and skill. FAC ¶ 19. However, a trustee of a deed of trust is not subject to a common law duty of care. *See I. E. Associates v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 287-88 (1985); *Heritage Oaks Partners v. First American Title Ins. Co.*, 155 Cal. App. 4th 339, 345 (2007). In addition, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991); *accord Resolution Trust Corp. v. BVS Dev.*, 42 F.3d 1206, 1214 (9th Cir. 1994). Several district courts, relying on *Nymark*, have also held that because a loan modification is a traditional money lending activity, a financial institution's involvement in a loan modification that is nothing more than a renegotiation of the loan terms does not subject the institution to a duty of care. *See Rockridge Trust v. Wells Fargo, N.A.*, 2013 U.S. Dist. LEXIS 139606, at *123-25 (N.D. Cal. Sept. 25, 2013) (collecting cases); *Settle v. World Sav. Bank, F.S.B.*, 2012 U.S. Dist. LEXIS 4215, at *24-27 (C.D. Cal. Jan. 11, 2012) (collecting cases). "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980). Here, plaintiff merely alleges that Wells Fargo was the trustee

7

of the deed of trust and the lender of her loan. Plaintiff does not allege any facts showing that Wells Fargo acted beyond the domain of the usual money lender. Therefore, plaintiff has failed to properly plead the existence of a legal duty to use reasonable care. According, the Court dismisses plaintiff's claim for negligence.

### V.     Plaintiff's Claim for Negligent Misrepresentation

Plaintiff alleges a cause of action for negligent misrepresentation against Wells Fargo. FAC ¶¶ 22-27. Wells Fargo argues that this claim should be dismissed because the claim is based on a promise as to a future event and because plaintiff has failed to comply with Federal Rule of Civil Procedure 9(b)'s pleading requirement. Def.'s Mot. at 12-14.

Under California law, "[t]he elements of negligent misrepresentation are '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" *Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc.*, 171 Cal. App. 4th 35, 50 (2009) (citation omitted). "To be actionable, a negligent misrepresentation must ordinarily be as to past or existing material facts. '[P]redictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud.'" *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991).

In the FAC, plaintiff alleges: "[t]he Defendants made the above-referenced misrepresentations relating to the written and oral promises and representations referred to above with knowledge of the misrepresentations . . . ." FAC ¶¶ 23. It is unclear from these allegations what specific representations plaintiff is referring to in the pleading. The only representation mentioned in the FAC appears to be plaintiff's allegation that: "At the time the loan was made, and after WELLS FARGO BANK[,] N.A. acquired the loan, Plaintiff was told that the interest rate and other terms of the loan could be modified at her request at a later date to accommodate her financial circumstances." FAC ¶ 12. This representation does not involve a past or existing material fact. Rather, it involves a promise to perform at some future time. Therefore, it is not actionable as a negligent misrepresentation. *See Tarmann*, 2 Cal. App. 4th at 158. The present case is similar to the California Court of Appeal's decision in

*Tarmann*. In that case, the defendant stated that "it would pay for [plaintiff's] repairs immediately upon their completion," but failed to do so. *Id.* The Court of Appeal held that this statement was not actionable as a negligent misrepresentation because the statement involved a promise to perform at a future time. *See id.* at 158-59 ("[W]e decline to establish a new type of actionable deceit: the negligent false promise."). Accordingly, the Court dismisses plaintiff's claim for negligent misrepresentation without leave to amend.

However, in *Tarmann*, the California Court of Appeal also explained that the statement could be actionable as a type of intentional misrepresentation provided that the plaintiff could plead and prove the required intent: "that the promisor did not intend to perform at the time he or she made the promise and that it was intended to deceive or induce the promisee to do or not do a particular thing." *Id.* at 159. Here, plaintiff alleges that "[d]efendants, at the time of making the representations, had no intention to perform the promises, duties and obligations . . . ." FAC ¶ 24. Therefore, it appears that plaintiff may be attempting to allege a cause of action for intentional misrepresentation based on a false promise. But, even if the Court were to construe plaintiff's claim as a cause of action for intentional misrepresentation, the claim must still be dismissed because it fails to comply with Rule 9(b)'s pleading requirement.

Under Federal Rule of Civil Procedure 9, a plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Id.* (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiff's allegations fail to satisfy Rule 9(b)'s heightened pleading standard. She does not identify the name of the specific Wells Fargo representative she spoke to, the specific time or date of the misrepresentation, how she spoke with the representative (such as over the phone, in person or by

9

1 email), and where she spoke to the representative. Furthermore, plaintiff fails to specifically allege how
2 the representation was false. For example, plaintiff does not allege that at the time she requested the
3 modification, her financial circumstances were such that Wells Fargo was obligated to provide a
4 modification based on its prior representations. Accordingly, the Court dismisses plaintiff's claim for
5 negligent misrepresentation without leave to amend, but will grant plaintiff leave to amend if she wishes
6 to plead a cause of action for intentional misrepresentation.

### VI.    Plaintiff's Claim for Violation of California Civil Code § 2923.5

Plaintiff alleges a cause of action against Wells Fargo for violation of California Civil Code § 2923.5. FAC ¶¶ 33-37. In deciding the prior motion to dismiss, the Court previously held that because plaintiff's loan originated with World Savings, a federal savings bank, any claim for violation of § 2923.5 is preempted by HOLA. Docket No. 35 at 4-7 (citing *Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1073 (C.D. Cal. 2010) (collecting cases holding that § 2923.5 is preempted by HOLA)). In her opposition, plaintiff again argues that her § 2923.5 claim is not preempted because the alleged violation was committed by Wells Fargo, not World Savings. Pl.'s Opp'n at 5. The Court rejected this argument in its prior order. *See* Docket No. 35 at 4 n.3 (citing *Castillo v. Wachovia Mortgage*, No. C-12-0101 EMC, 2012 U.S. Dist. LEXIS 50926, at *13-14 (N.D. Cal. Apr. 11, 2012); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010)). Therefore, plaintiff's argument is foreclosed by the law of the case doctrine. *See United States v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004) ("The law of the case doctrine precludes a court from reconsidering an issue that it has already resolved. Issues that a district court determines during pretrial motions become law of the case."). Accordingly, the Court dismisses plaintiff's claim for violation of California Civil Code § 2923.5 without leave to amend.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Wells Fargo's motion to dismiss plaintiff's first amended complaint and GRANTS plaintiff leave to amend. Docket No. 41. Specifically, the Court grants plaintiff leave to amend with respect to her causes of action for breach of contract, breach of the

implied covenant of good faith and fair dealing, promissory estoppel, negligence, and intentional misrepresentation. The Court dismisses plaintiff's claims for negligent misrepresent and violation of California Civil Code § 2923.5 without leave to amend. Should plaintiff choose to file an amended complaint, it shall be consistent with the terms of this order and must be filed on or before **April 28, 2014**.

**IT IS SO ORDERED.**

Dated: March 27, 2014

SUSAN ILLSTON
United States District Judge